(626 P.2d 1198)

No. 51,603

DEBRA M. TAPLIN, a minor, by and through her Mother and Father and next of friends, GAIL H. TAPLIN and JEANEEN TAPLIN, *Plaintiffs-Appellees,* v. SANDRA CLARK; VERNON CLARK and JOAN CLARK, husband and wife, *Defendants-Appellants.*

Opinion filed April 24, 1981.

*John W. Mize,* of Clark, Mize & Linville, Chartered, of Salina, for appellants.

*John F. Stites,* of Stites, Hill & Wilson, of Manhattan, for appellees.

Before JUSTICE PRAGER, presiding, ABBOTT, J., and J. PATRICK BRAZIL, District Judge, assigned.

PRAGER, J.: This is an action by a passenger against the driver of an automobile to recover damages for personal injuries sustained in a one-car accident. The plaintiff, Debra M. Taplin, was a passenger in the rear seat where a seat belt was installed and available for use. She failed to "buckle up." The district court sustained plaintiff's motion for summary judgment on the issue of liability. The district court had previously sustained plaintiff's motion in limine which had the effect of precluding defendant from introducing evidence of plaintiff's failure to use the available seat belt. Failure of plaintiff to use her seat belt was the only act of negligence asserted against plaintiff by defendant. The case was submitted to the jury on the issue of damages only and plaintiff was awarded substantial damages.

The basic issue raised on the appeal is essentially this: Under the Kansas comparative negligence law (K.S.A. 60-258a), may a jury consider as a negligence factor to reduce a negligent driver's liability for damages the failure of a passenger in an automobile to use an available seat belt? Prior to the adoption of comparative negligence, effective July 1, 1974, the Kansas Supreme Court held that a driver had no legal duty to use an available seat belt and that evidence of nonuse was not admissible on the issue of either

contributory negligence or mitigation of damages. In *Hampton v. State Highway Commission,* 209 Kan. 565, 579, 498 P.2d 236 (1972), the court, after noting a decision of the Alabama Supreme Court in *Britton v. Doehring,* 286 Ala. 498, 242 So. 2d 666 (1970), reasoned as follows in rejecting the seat belt defense:

"Our own legislature has required new cars sold after October, 1966, to be equipped with seat belts (K.S.A. 1971 Supp. 8-5,135) but it has not made their use mandatory, nor has it required them to be installed on older vehicles. Plaintiff was therefore not violating any statutory duty. Neither, we believe, was he falling below the standard required of the reasonable, prudent man. We have nothing before us on which we could confidently base a finding that the accepted community standard of care requires one to buckle up routinely; experience dictates to the contrary. Some people, in fact, deliberately refuse to wear seat belts for fear of aggravating an injury or being trapped in a collision. If such persons are to be declared unreasonable in their concern for their own safety as a matter of law, we believe with the Alabama court that at this stage the declaration should be legislative and not judicial.

"While as a general rule one must use reasonable diligence to mitigate one's damages once the risk is known (*Atkinson v. Kirkpatrick,* 90 Kan. 515, 135 Pac. 579), one is not required to anticipate negligence and guard against damages which might ensue if such negligence should occur (*Rig & Reel Co. v. Oil & Gas Co.,* 111 Kan. 37, 205 Pac. 1020). So likewise the traveler has the right to assume the highway is reasonably safe for travel—as the jury here was instructed without objection.

"In short, there was no duty to use a seat belt, either under the common law standard of due care or to mitigate damages. That being so, the trial court did not err in excluding evidence of plaintiff's nonuse for it was not relevant to any issue to be determined." pp. 580-81.

The factual circumstances in this case are somewhat different from those in *Hampton,* because here the defendant made an offer of proof prior to the determination of the issue by the trial court. The evidence proffered by the defendant would have shown that, prior to the accident, plaintiff had completed a driver's education course where she had been instructed to wear a seat belt when occupying a vehicle. The only window broken in the accident was the front windshield. Kenneth Razak, an automobile accident reconstruction expert, examined all pertinent data relating to the accident. He researched the numerous and exhaustive studies which had been made demonstrating that seat belts are effective protective devices to guard occupants of automobiles against injuries in automobile collisions. He testified in a deposition that, in his expert opinion, had the plaintiff been wearing the seat belt which was installed in the automobile, she

would not have sustained facial lacerations in the accident and her injuries would thus have been reduced.

The defendant concedes that, under the former contributory negligence doctrine, evidence of plaintiff's nonuse of the seat belt was inadmissible under *Hampton.* Defendant argues, however, that *Hampton* is no longer valid law because of the adoption of the system of comparative negligence in Kansas in 1974. She contends, in substance, that the rule barring evidence of nonuse of seat belts in automobile negligence cases, as espoused in the *Hampton* case, is obsolete and should be abandoned. Defendant maintains that, since Kansas no longer adheres to the harsh contributory negligence doctrine which barred a plaintiff completely from recovery if she were in the slightest degree negligent, much of the underlying rationale of *Hampton* has disappeared. Defendant further contends that *Hampton* is distinguishable on its facts from the present case because of defendant's proffered evidence that plaintiff would not have sustained the injuries of which she complains, if she had been wearing her seat belt, and that, under comparative negligence, the question of whether a passenger in a motor vehicle who fails to wear his seat belt has exercised reasonable care for his or her own safety is a question of fact which should be left for the jury to determine. The defendant cites cases from other states which have adopted the system of comparative negligence and which have suggested the seat belt defense might be asserted, either to reduce the percentage of fault or to mitigate damages. *Bentzler v. Braun,* 34 Wis. 2d 362, 149 N.W.2d 626 (1967); *Harlan v. Curbo, Guardian,* 250 Ark. 610, 446 S.W.2d 459 (1971); *Fischer v. Moore,* 183 Colo. 392, 517 P.2d 458 (1973).

Counsel for the plaintiff takes a contrary position, maintaining, in substance, that *Hampton* declares the established law in Kansas and that any claim that *Hampton* is distinguishable from the present case is without merit. The plaintiff, in her brief, although recognizing the decisions referred to by the defense, points out that it is the established majority rule that the failure of a passenger in an automobile to use a seat belt is not available as a defense either in establishing a cause of the accident or in mitigation of damages. There is an annotation on the subject in 95 A.L.R.3d 239, which discusses the reported cases where courts have considered whether the nonuse of an available seat belt is

evidence of comparative negligence. That annotation lists comparative negligence states which reject the seat belt defense as including Connecticut (*Melesko v. Riley,* 32 Conn. Supp. 89, 339 A.2d 479 [1975]), Mississippi (*D. W. Boutwell Butane Company v. Smith,* 244 So. 2d 11 [Miss. 1971]), New York (*Bartlett v. State of N.Y.,* 40 App. Div. 2d 267, 340 N.Y.S.2d 63 [1973]), and Washington (*Amend v. Bell,* 89 Wash. 2d 124, 570 P.2d 138 [1977]). There is obviously a split of authority on the issue, with a slight majority of the comparative negligence jurisdictions rejecting the seat belt defense.

As noted above, the basic question which we must determine is whether the adoption of the system of comparative negligence in Kansas in 1974 requires a change in the rule followed in *Hampton.* We hold that it does not, and that the rule established by *Hampton* is sound and should be retained. In the first place, we have concluded that the comparative negligence statute (K.S.A. 60-258a) did not change the basic duties required of drivers and passengers to be considered in automobile tort litigation. In *Hampton,* the opinion points out that the Kansas statute pertaining to the installment of safety belts then in effect, K.S.A. 1971 Supp. 8-5,135), although requiring new cars sold after October, 1966, to be equipped with seat belts, did not make their use mandatory or require them to be installed on older vehicles. It was further declared in the opinion that there was no accepted community standard of care requiring one to buckle up routinely and that experience dictated to the contrary. The court concluded that the existence of such a duty should be left up to the legislature.

Since *Hampton* was decided in 1972, the legislature in 1974 adopted the revised uniform act to regulate traffic on the highways which greatly expanded the former statutory scheme. The uniform act is now found at K.S.A. 8-1401 *et seq.* The present statute pertaining to the installation of safety belts and shoulder harnesses is K.S.A. 8-1749, which requires every passenger car manufactured or assembled after January 1, 1968, to be equipped with a lap-type safety belt assembly for all passenger seating positions and with at least two shoulder harness-type safety belt assemblies for the front seating positions. Subsection (*d*) authorizes the Secretary of Transportation to except specified types of motor vehicles or seating positions from these requirements when

compliance "would be impractical." At the time these statutory changes were adopted in 1974, the decision in *Hampton* had been in the books for a period of two years. It appears that by failing to so provide, the legislature decided that it should not impose upon drivers or passengers in automobiles a duty to use an available safety belt.

It is also important to note that K.S.A. 8-1598 prohibits a person from operating or riding upon a motorcycle unless wearing protective headgear and an eye-protective device. This section is mentioned to illustrate that where the legislature in its wisdom desires to make it mandatory for drivers or occupants of motor vehicles to use certain protective devices and equipment, it has not hesitated to do so. Apparently, it did not decide to do so in the case of safety belts. *Hampton* declares, without equivocation, that there is no statutory or common-law duty requiring a passenger in an automobile to use a seat belt. We find no provision in the comparative negligence law (K.S.A. 60-258a) which creates such a duty. We thus are constrained to follow the reasoning of the Kansas Supreme Court in *Hampton* as set forth above. We also adhere to the holding of the court in *Hampton* that the doctrine of avoidable consequences or mitigation of damages does not place a duty on a passenger to use a seat belt in anticipation of his driver's negligence.

For the reasons set forth above, we hold, in accordance with *Hampton v. State Highway Commission,* 209 Kan. 565, that, under the Kansas system of comparative negligence, it is not proper for a jury to consider as a negligence factor to reduce liability and damages the failure of a passenger to use an available seat belt.

The judgment of the district court is affirmed.