No. 56,947

WILLIAM T. ROLLINS, *Appellant*, v. THE DEPARTMENT OF TRANSPOR-
TATION OF THE STATE OF KANSAS, *Appellee*.

(711 P.2d 1330)

Opinion filed December 23, 1985.

*Jerry G. Elliott,* of Foulston, Siefkin, Powers & Eberhardt, of Wichita, argued the cause, and *Mikel L. Stout* and *Nola Tedesco Foulston,* of the same firm, were with him on the brief for appellant.

*Scott Logan,* office of chief counsel, Kansas Department of Transportation, argued the cause, and *David G. Tittsworth,* chief counsel, *Jay L. Smith* and *Timothy P. Orrick,* of the same office, were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by the plaintiff in a case which arose from a one-car accident that occurred in the early morning hours of July 31, 1980, on Kansas Highway 25 (K-25) seven miles south of Lakin. William T. Rollins (plaintiff-appellant) was a passenger in the back seat of the vehicle, a 1979 Chevrolet Chevette. The accident occurred on a section of highway that was undergoing resurfacing by the Department of Transportation of the State of Kansas (KDOT).

Rollins brought suit against KDOT and the Board of County Commissioners of Kearny County, Kansas, alleging failure of KDOT to exercise due care in the design, construction and maintenance of K-25. The Board of County Commissioners was subsequently dismissed from the action. A Sedgwick County District Court jury found the driver of the car sixty-five percent at fault, the plaintiff thirty-five percent at fault, and found no fault on the part of KDOT. Rollins appeals, claiming several errors on the part of the trial court.

Between midnight and 1:00 a.m., on July 31, 1980, Lana Swisher, BaLynda Bell and appellant left Ulysses, Kansas, in Lana's car, to travel to Lakin on K-25, a distance of approximately twenty-seven miles. Lana was driving. In the area south of Lakin, KDOT was resurfacing the highway for about four miles with bituminous asphalt. The resurfacing work caused the surface of the roadway to extend above the highway shoulders, resulting in a drop-off at the edge of the paved portion of the highway. There were no warning signs in place and no temporary striping of the center and edges of the highway. As the Swisher automobile traveled this portion of the highway, its right wheels dropped off the road surface, the driver lost control and

the car crashed in the ditch. Appellant was thrown from the vehicle and received serious injuries resulting in his being paralyzed from the waist down. Additional facts will be set forth as necessary in considering the various points on appeal.

The first issue raised by the appellant is that the trial court erred in admitting testimony regarding the effect of the driver's failure to use her seat belt on her ability to control the vehicle. Rollins' objection to evidence of the driver's failure to use a seat belt was overruled and the appellee's accident reconstruction expert was allowed to testify as to the effect of nonuse of a seat belt on a driver's ability to control his vehicle. It was his opinion Lana would not have lost control if she had been using her seat belt and that the accident would not have happened. In allowing the evidence, the judge stated he was only allowing it for the purposes of showing control of the vehicle and not to show negligence. We have consistently held that evidence of the nonuse of seat belts is inadmissible in a negligence action. In *Hampton v. State Highway Commission,* 209 Kan. 565, 498 P.2d 236 (1972), the defendant attempted to introduce evidence that the plaintiff was not using a seat belt to show negligence on behalf of plaintiff and a failure to mitigate damages. We held:

"A driver has no legal duty to use an available seat belt, and evidence of nonuse is inadmissible either on the issue of contributory negligence or in mitigation of damages." Syl. ¶ 9.

Following the adoption of comparative negligence, the issue was before the Court of Appeals in *Taplin v. Clark,* 6 Kan. App. 2d 66, 626 P.2d 1198 (1981), wherein the court stated:

"[U]nder the Kansas system of comparative negligence, it is not proper for a jury to consider as a negligence factor to reduce liability and damages the failure of a passenger to use an available seat belt." p. 70.

The rule propounded in *Hampton* and *Taplin* was recently reconsidered and adhered to in *Ratterree v. Bartlett,,* 238 Kan. 11, 707 P.2d 1063 (1985). While the foregoing cases involved the plaintiff's failure to use a seat belt, the rule propounded is equally applicable when it is someone other than the plaintiff who is alleged to be at fault for failure to use the belts. KDOT's position was clearly set forth in Instruction No. 9, wherein the court states the appellee's contentions to be that the driver *was negligent* in failing to keep her vehicle under control. The attempt by the trial court to distinguish the driver's "control" of

the vehicle from negligence was confusing as well as erroneous. For there to be fault assessed in a negligence action there must be some duty which has been breached and as there is no duty to use seat belts in Kansas, there can be no fault attributed to a person for failure to use them.

In his instructions to the jury the trial judge stated:

"The law of Kansas does not permit you to consider the presence and use or non-use of seat belts in any manner in arriving at your decision."

KDOT now asserts that, if the admission of the nonuse of seat belts by Lana was error, the foregoing instruction cured the error. We think not. It is clear that even with the giving of the instruction the trial court remained of the opinion the jury could consider the evidence on the issue of "control." To allow KDOT's expert to voice an opinion based upon the nonuse of the seat belt by the driver was, in our opinion, so prejudicial that it could not be cured by the instruction given and certainly cannot be considered harmless error.

Although the foregoing would ordinarily dispose of this case, as it must be remanded for a new trial, there are other issues raised some of which we deem advisable to consider.

KDOT admits that it fell within the scope of the Kansas tort claims act, K.S.A. 75-6101 *et seq.* K.S.A. 75-6103(a) provides:

"(a) Subject to the limitations of this act, each governmental entity shall be liable for damages caused by the negligent or wrongful act or omission of any of its employees while acting within the scope of their employment under circumstances where the governmental entity, if a private person, would be liable under the laws of this state."

In *Carpenter v. Johnson*, 231 Kan. 783, 784, 649 P.2d 400 (1982), Chief Justice Schroeder, in writing for a unanimous court, stated:

"The Kansas Tort Claims Act, K.S.A. 1981 Supp. 75-6101 *et seq.*, a so-called 'open ended' tort claims act, makes liability the rule and immunity the exception."

K.S.A. 75-6104 sets forth numerous exceptions under which liability is precluded. There is no contention on appeal that any of the exceptions apply in this case. Appellant sought an instruction based upon K.S.A. 75-6103(a) and also sought to introduce evidence of the standards and duties which would be required by KDOT if the work were being done by a private contractor. It appears that during the daytime, while work was going on, various warning signs were erected to advise and protect the motorists using the highway. However, at night the

State's employees removed the signs and no warnings of the condition of the highway, shoulders or ditches were provided. Appellant contends that he could produce evidence that if a private person were doing the maintenance or repair, then warning signs and other safety precautions would be required at night, which were not provided by KDOT in doing its work upon the highway. KDOT in its brief argues it is not subject to the same standards of a private person doing the same work, and states:

"When plaintiff attempted to offer this evidence [KDOT's specifications for private contractors], defendant objected on the ground that the specifications were not relevant because they apply only to private contractors and are *not* applicable to defendant. Because there was no evidence of a private contractor's participation in the subject project, these specifications were irrelevant and wholly lacked probative value. . . .

"The plaintiff's arguments on this point illustrate his lack of understanding of the Kansas Tort Claims Act . . . . Plaintiff labors under the fallacy that pursuant to the KTCA, the 'defendant at bar is to be judged by the same standards as would be applicable to a private person resurfacing the roadway.' . . . . Plaintiff argues that these standards are relevant because '. . . the jury . . . is entitled to consider what standards defendant requires of private contractors in assessing the negligence of defendant at bar.' . . . In other words, plaintiff argues that K.S.A. 75-6103 imposes upon governmental entities all duties applicable to private persons.

"K.S.A. 75-6103(a) does *not* have this effect. The statute is intended to make governmental entities liable for the negligent acts of their employees where the employees were acting within the scope of their employment. Thus, K.S.A. 75-6103(a) is properly viewed as an effort to codify the common law doctrine of respondeat superior. The much-quoted article, 'Governmental Liability: The Kansas Tort Claims Act [or The King *Can* Do Wrong]' by John A. Hageman and Lee A. Johnson, 19 W.L.J. 260 (1980), is instructive on this issue. In discussing K.S.A. 75-6103(a), the authors comment as follows:

> The final condition of liability, 'under circumstances where the governmental entity, if a private person, would be liable under the laws of this state,' should be read in conjunction with the preceding phrase to effect a codification of the common law of *respondeat superior*. 19 W.L.J. 260, 266-7 (1980). The trial court properly ruled on this issue by sustaining defendant's objection."

We do not agree with appellee's interpretation of the statute. In that same article, immediately following the statement quoted by the appellee, the authors state:

"That is, the governmental unit will be held liable for the negligent acts of its employees, if under the same facts a private employer would be held liable. It is clear from the conspicuous absence of reference to the 'proprietary-government' distinction, and from cases construing this phrase in the Federal Tort Claims Act

that the test of liability is not whether the activity is done by the private sector." Note, Governmental Liability: The Kansas Tort Claims Act [or The King Can Do Wrong], 19 Washburn L.J. 260, 267 (1980).

KDOT argues that construction and reconstruction are done by private contractors while mere maintenance is done by KDOT employees and that, although there are specific standards and duties required for construction, there are none for maintenance. The trial court found that the work being done upon the highway constituted maintenance and not construction or reconstruction. We agree with that conclusion. KDOT's position is that as it does its own maintenance and no private contractors are involved, it is not subject to any standards or duties which might apply if the work were being done by a private contractor. The test is not whether the same or similar work is actually being done by a private person but what the standard would be if the work were to be done by a private person. We hold that in doing highway maintenance work, the duty under the tort claims act, absent any statutory exceptions, which KDOT owes the public is the same that would be required of a private individual or contractor doing the same work. If appellant had evidence of stricter standards and duties required by KDOT for similar work by a private person, which if breached could be found to be negligence, then he should have been allowed to present it. In addition, an instruction upon the duty required by the tort claims act under K.S.A. 75-6103(a) is appropriate if the governmental activity is such that there would be specific duties required of a private person doing the same work other than to perform in a non-negligent manner. The instructions given herein were the standard ones used in negligence actions and would be adequate if due care is the only duty that would be required of a private contractor doing the same work. However, when higher, different, or particularized standards would be required if a private person were doing the same work, then the governmental employees are to be held to the same standards in determining liability under the tort claims act and an instruction covering such standards is appropriate. The fact that KDOT policy is to do all its own maintenance does not relieve it and its employees of the standards which would apply if a private person did the work under contract with KDOT.

Appellant next asserts error in the trial court's ruling that evidence of an allegedly similar accident was inadmissible in

evidence. Without going into detail, Rollins attempted to introduce evidence of an accident wherein a car ran off the same stretch of highway, at night, only nine days after the present accident. There, the driver had gone off the highway when he swerved to miss a jackrabbit, while in the present case, there is no clear explanation why the right wheels ran off the edge of the road. Evidence of other accidents may be admitted if the court finds that the accident has a sufficient similarity with the accident in the case before the court. *Hampton v. State Highway Commission,* 209 Kan. at 575. The admission of such evidence lies within the sound discretion of the trial court. *State ex rel. Murray v. Palmgren,* 231 Kan. 524, 538, 646 P.2d 1091 (1982). An abuse of discretion is said to exist only when no reasonable person would take the view adopted by the trial court. *Reich v. Reich,* 235 Kan. 339, 343, 680 P.2d 545 (1984). While there were numerous similarities in the two events, there were also dissimilar factors and we cannot say the court abused its discretion in excluding the evidence.

Another issue raised by appellant is that the trial court erred in not allowing his expert to testify that in his opinion the highway was not reasonably safe for travel. In *Ratterree v. Bartlett,* 238 Kan. 11, we reiterated the rule that opinion testimony which goes to the ultimate issue of negligence is improper as invading the province of the jury. Here the ultimate issue for the jury to determine was whether the road was reasonably safe for the traveling public and, if not, whether it was due to KDOT's negligence. See *Lollis v. Superior Sales Co.,* 224 Kan. 251, 580 P.2d 423 (1978). Again, we cannot say the trial court abused its discretion in denying the opinion testimony.

Appellant asserts numerous errors in the instructions given by the trial court and in its refusal to give certain instructions requested by appellant. Many of these involved the seat belt and duty owed to plaintiff issues, and we assume similar problems with the instructions on those issues will not arise in a retrial of this case. We do note, however, that the court's instruction setting out the contentions of the parties should be limited to the claims of negligence supported by the evidence. The fact that an allegation of negligence is asserted in a pretrial pleading does not justify an instruction on that particular allegation if there is no evidence to support it.

The final issue which we deem advisable to address is the trial court's admission into evidence of a 1980 version of the Kansas Driving Handbook. Lana was questioned by counsel for the appellee about her driving skills, when she obtained her driver's license and whether she had taken and passed a driver's education course. She had received a restricted license at the age of fourteen and an unrestricted license at sixteen, at least five years prior to this accident. At the time of preparing for her driver's license test she had been furnished a driver's handbook. She was also asked if she was familiar with the 1980 Kansas Driving Handbook and responded it was not the one furnished to her years earlier and she did not know what was in the 1980 version. We fail to see what relevance the admission of the 1980 driver's handbook had to the issues in this case. The trial court appears to have been under the impression that as it contained some "law" it could be considered by the jury and that the jury was not limited to the court's instructions on the law to be applied in this case. Considering the lack of foundation and relevance, the admission of the handbook was error.

We do not deem it necessary to address the other issues raised by the appellant as they are not likely to arise again on retrial.

The judgment is reversed and the case remanded for a new trial.

LOCKETT, J., concurring: I agree with the court on all issues raised, except that I would overrule *Hampton v. State Highway Commission*, 209 Kan. 565, 498 P.2d 236 (1972), and allow the trier of fact to consider the negligence factor of an occupant of an automobile who fails to use a seat belt.

*Hampton* is a 1972 case based on a 1970 Alabama decision, *Britton v. Doehring*, 286 Ala. 498, 242 So. 2d 666 (1970). There the Alabama court determined: (1) there was no statutory authority requiring that seat belts be installed or that they be used; and (2) admission of evidence of non-use of seat belts would allow the jury to "compare the damages" similarly to comparative negligence, a doctrine unknown to Alabama law. *Hampton* was decided in 1974 prior to the adoption of comparative negligence by our legislature.

In *Taplin v. Clark*, 6 Kan. App. 2d 66, 626 P. 2d 1198 (1981), the Court of Appeals stated that under comparative negligence the failure of a passenger of an automobile to use a seat belt was

not a factor to consider. The *Taplin* court cited *Hampton's* conclusion that the existence of such a duty should be left up to the legislature.

Eleven years ago, our legislature required that all new passenger vehicles manufactured or assembled after January 1, 1968, be equipped with a seat belt for all passenger seating positions. K.S.A. 8-1749. In 1984, the legislature required every parent or legal guardian of a child under the age of four to provide a proper passenger safety restraining system while transporting the child in the front seat area of the automobile. K.S.A. 1984 Supp. 8-1344.

This court has recognized the general rule that one must use reasonable diligence to mitigate one's damages once the risk is known. *Atkinson v. Kirkpatrick,* 90 Kan. 515, 135 Pac. 579 (1913). No one can deny that seat belts are placed in an automobile to protect the occupants of the vehicle from a known risk. In addition to the seat belt, devices to remind the occupants to use the seat belt are required to be installed, and the operator's manual furnished by the manufacturer states the hazards of failure to use a seat belt. The failure of an occupant of an automobile to use a seat belt should be a factor relevant to an appraisal of the occupant's duty to anticipate peril and should apply to the percentage of fault as required by our comparative negligence statute. Where safety standards are set by our legislature, the failure to exercise the standard of safety should be relevant to the issue of negligence and admissible into evidence.