No. 63,271

KENNETH D. WATKINS and TAMMY L. WATKINS, heirs at law of JESSICA L. WATKINS, deceased; and TAMMY L. WATKINS, an individual, *Appellees*, v. JIMMY W. HARTSOCK, *Appellant*.

(783 P.2d 1293)

Opinion filed December 8, 1989.

*Paul Hasty, Jr.*, of Wallace, Saunders, Austin, Brown & Enochs, Chartered, of Overland Park, argued the cause, and *Kenton M. Hall*, of the same firm, was with him on the briefs for appellant.

*Gordon M. Rock, Jr.*, of Grimshaw & Rock, Chartered, of Olathe, argued the cause and was on the brief for appellee.

*Ricky E. Bailey*, of Focht, Hughey, Hund & Calvert, of Wichita, was on the *amicus curiae* brief for the Kansas Trial Lawyers Association.

*Nicholas S. Dailey*, of Foulston & Siefkin, of Wichita, was on the *amicus curiae* brief for the Kansas Association of Defense Counsel.

The opinion of the court was delivered by

LOCKETT, J.: This is an interlocutory appeal from the trial court's ruling that evidence of the misuse of a child safety seat

may not be considered in determining comparative fault under K.S.A. 1988 Supp. 60-258a.

On October 20, 1987, three-month-old Jessica Watkins was killed in an automobile accident. The accident involved two cars: one driven by Tammy Watkins, Jessica's mother; the other driven by the defendant, Jimmy Hartsock.

Jessica's parents filed a combined personal injury and wrongful death action against Hartsock, claiming that he had negligently caused the accident. Hartsock's answer denied fault and asserted comparative negligence as an affirmative defense. Hartsock alleged that although Jessica was in a child safety seat at the time of the accident, her fatal injuries were attributable, in part, to her mother's "improper use" of the safety seat.

Plaintiffs filed motions seeking to exclude at trial any evidence pertaining to whether Jessica had been properly or not properly placed in the safety seat. At the hearing on the motions, defendant stated his evidence would show: (1) at the time of the collision, Jessica was in a child safety seat; (2) her parents had obtained the seat from the hospital where Jessica was born; (3) her parents had been instructed on the proper use of the safety seat; (4) her parents had installed the seat facing forward in the automobile, rather than to the rear as required for protection of the child, in order to make it easier to get the baby in and out of the seat; and (5) the interior of the car where Jessica had been placed sustained little damage as a result of the accident. Defendant further stated he would call an expert witness who would testify that the fatal blow to Jessica's head was attributable to her mother's improper use of the child safety seat.

The trial court sustained plaintiffs' motion in limine, ruling that under K.S.A. 1988 Supp. 60-258a, the comparative negligence statute, no negligence could be assessed for the parents' improper use of a child safety seat. Recognizing that its ruling presented an important question of law, the trial court allowed Hartsock to appeal to the Court of Appeals pursuant to K.S.A. 1988 Supp. 60-2102. Because this case presents an issue of first impression, it was transferred to this court upon motion by defendant pursuant to Rule 8.02 (1989 Kan. Ct. R. Annot. 39).

On appeal, defendant argues that he should be allowed to present evidence concerning the alleged misuse of the child safety

seat because: (1) the presentation of such evidence is not barred by statute; (2) the evidence is relevant and admissible under general principles of tort law; and (3) the exclusion of such evidence would contravene public policy.

## Admissibility and the Statutes

In granting plaintiffs' motions, the trial court found that "misuse of a child restraint system is similar to nonuse of a child restraint system [and] that misuse or nonuse of the child restraint system is similar to failure to use seat belts." In arriving at this decision, the trial court examined the Child Passenger Safety Act (K.S.A. 8-1343 *et seq.*), related statutes, and prior decisions of the Kansas appellate courts.

Defendant argues that, under the doctrine of comparative negligence, the legislature intended that the defendant's fault and parents' fault in failing to properly place the child in the safety restraining seat be considered. Defendant argues that the parents' failure to properly use the safety seat either caused, contributed to, enhanced, or aggravated all of the child's injuries. With these multiple issues, one can easily foresee that allowing the introduction of evidence to support these claims would inevitably lead to a battle of experts as to what injuries would or would not have been avoided had the child been properly restrained in the safety seat.

Defendant states that misuse of a seat belt would occur if the occupant of an automobile wrapped a seat belt around his neck and then broke his neck in an accident. He argues that such *misuse* is negligence and is admissible to compare fault or to prove failure to mitigate damages. A more likely example of misuse is when the automobile occupant uses only the shoulder restraint and not the lap belt.

Plaintiffs point out that a distinction between nonuse and misuse could lead to absurd results. For instance, if Jessica had been crawling about freely in the interior of the automobile, unrestrained by belt or seat, such evidence of nonuse would be inadmissible for comparative negligence purposes. However, if she had been placed in a safety seat which was belted down, but on which the buckle was loose, this evidence of misuse would be admissible.

Negligence rests upon the premise that an individual has a legally imposed duty, *i.e.*, a standard of conduct to which that individual must adhere. That duty may spring from a legislative enactment of a standard of conduct or from a judicially imposed standard. Though Kansas follows the general rule that one must use reasonable diligence to mitigate one's damages once the risk is known, *Atkinson v. Kirkpatrick*, 90 Kan. 515, 519, 135 Pac. 579 (1913), one is not required to anticipate negligence and guard against damages which might ensue if such negligence should occur. *Rig & Reel Co. v. Oil & Gas Co.*, 111 Kan. 37, 40, 205 Pac. 1020 (1922). The term "mitigation of damages," interpreted broadly, includes every fact which would tend to decrease damages. Stated another way, one is required to use reasonable diligence to *minimize* one's damage once the risk is known. See *First Nat'l Bank v. Milford*, 239 Kan. 151, 158, 718 P.2d 1291 (1986).

A fundamental rule of statutory construction is that the purpose and intent of the legislature governs when that intent can be ascertained from the statutes. In construing statutes, the legislative intent is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. *State v. Adee*, 241 Kan. 825, 829, 740 P.2d 611 (1987). In determining the legislative intent, courts are not limited to consideration of the language used in the statute, but may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. Ordinarily, courts presume that, by changing the language of a statute, the legislature intends either to clarify its meaning or to change its effect. *Board of Education of U.S.D. 512 v. Vic Regnier Builders, Inc.*, 231 Kan. 731, 648 P.2d 1143 (1982).

The laws which require the use of seat belts and of child safety restraining systems share the same legislative intent and history. Seat belt legislation preceded child safety restraint laws; we will therefore examine the legislative history and prior court decisions interpreting the statutes in chronological order.

The Kansas Legislature required all passenger cars manufactured or assembled after January 1, 1965, to be equipped with seat belts in the front seat. Lap-type seat belts were required for all passenger positions after January 1, 1968, K.S.A. 8-1749. Originally, although passenger cars were required to be equipped with seat belts, their use was not mandatory.

The first case to raise the issue of whether negligence could be assessed for the nonuse of a seat belt was *Hampton v. State Highway Commission*, 209 Kan. 565, 498 P.2d 236 (1972). In *Hampton*, the plaintiff was injured when the automobile he was driving hit standing water on the highway, causing the driver to lose control of the automobile, which veered into the opposite lane of traffic and collided with a slow-moving tractor-lowboy rig. The plaintiff sued the highway department, claiming that the highway's defective design and construction had caused his damages. Among defendant's arguments against imposition of liability, it sought to show plaintiff was contributorily negligent for failing to use his seat belt. Defendant first reasoned that, since there was a statutory requirement that seat belts be installed, they must be used. Defendant then claimed that, since plaintiff had failed to use his seat belt, he was contributorily negligent and had failed to mitigate his damages. The trial court's refusal to allow the defendant to introduce evidence concerning the plaintiff's nonuse of his seat belt at the time of the accident was affirmed on appeal.

The *Hampton* court recognized that, although the legislature had required the installation of seat belts in new cars sold after October 1966, it had not made their use mandatory, nor had it required that seat belts be installed in older cars. Plaintiff, therefore, had violated no statutory duty. The *Hampton* court also found that the plaintiff's failure to use the seat belt had not fallen below the accepted community standard. The court recognized that some individuals refused to use seat belts because of their fear that such use could aggravate an injury or trap them in their automobiles after a collision. The court concluded: "While as a general rule one must use reasonable diligence to mitigate one's damages once the risk is known [citation omitted], one is not required to anticipate negligence and guard against damages which might ensue if such negligence should occur [citation omit-

ted]. So likewise the traveler has the right to assume the highway is reasonably safe for travel." 209 Kan. at 580. There is no duty to use a seat belt under the common-law standard of due care or in order to mitigate damages.

In 1981 the legislature enacted the Child Passenger Safety Act, K.S.A. 8-1343 *et seq*. This law required only the parents or legal guardians of a child under the age of two years who reside in Kansas, and who are transporting the child in an automobile registered in Kansas on a Kansas public highway, to properly use an approved child passenger safety restraining system. K.S.A. 8-1344. Parents or legal guardians who failed to use or who improperly used the safety restraining system were to receive an oral warning from a law enforcement officer. K.S.A. 8-1345. Prior to passage of the act, the legislature made two significant changes in the original bill. First, it struck from House Bill 2208 a provision that the parent or guardian who violated the law could be fined up to $25. In addition, House Bill 2208 had originally stated, "Failure to employ a child passenger restraint system shall not be considered negligence nor shall such failure be admissible as evidence in any civil action." When enacted, K.S.A. 8-1346 stated: "Failure to employ a child passenger restraint system shall not constitute negligence *per se*."

Negligence per se usually consists of the violation of a specific requirement of law or ordinance. The distinction between "negligence" and "negligence *per se*" is the means and method of ascertainment, in that the former must be found by a factfinder from the evidence, while the latter results from violation of the specific requirement of law or ordinance; and the only fact for the determination of the factfinder is the commission or omission of the specific act inhibited or required. *Kendrick v. Atchison, T. & S. F. Rld. Co.*, 182 Kan. 249, 320 P.2d 1061 (1958). By enacting K.S.A. 8-1346, the legislature intended that parents or legal guardians who failed to employ a child safety restraint system would not be barred from bringing an action against individuals whose negligence injured the child.

Also in 1981, the question of whether a passenger's failure to use a seat belt could be used to apportion damages was determined. Based on our rationale in *Hampton*, the Court of Appeals in *Taplin v. Clark*, 6 Kan. App. 2d 66, 626 P.2d 1198 (1981),

ruled that a passenger in an automobile had no legal duty to use an available seat belt in anticipation of the driver's negligence. It found that evidence of nonuse of a seat belt by a passenger is inadmissible under comparative negligence on the issues of contributory fault and mitigation of damages.

In an effort to strengthen the requirement that parents and legal guardians use child passenger safety restraints, the 1984 legislature amended the Child Passenger Safety Act. Rather than just receiving an oral warning, any parent or legal guardian who violated the act was now to be punished by a fine of $10 per occurrence. K.S.A. 1988 Supp. 8-1345.

In 1985, this court decided two cases which again involved the question of whether evidence of nonuse of seat belts by a driver or a passenger in an automobile was admissible to apportion fault in a negligence action. In the first, *Ratterree v. Bartlett*, 238 Kan. 11, 18, 707 P.2d 1063 (1985), this court relied on *Hampton* and its progeny and unanimously held that a passenger in an automobile has no legal duty to use an available seat belt in anticipation of the driver's negligence, and that evidence of nonuse of a seat belt is not admissible to compare fault or to prove a failure to mitigate damages.

In the second case, *Rollins v. Kansas Dept. of Transportation*, 238 Kan. 453, 711 P.2d 1330 (1985), the plaintiff passenger was injured in a one-car accident. The driver lost control of the automobile when its right wheels dropped off the edge of a highway that was being resurfaced by the defendant. The trial court prevented the defendant's accident reconstruction expert from testifying that, in his opinion, if the driver had been using her seat belt, she would not have lost control of the vehicle and the passenger would not have been injured.

The majority reasoned that the rule propounded in *Hampton* and *Taplin*, and adhered to in *Ratterree*, was equally applicable when someone other than the injured plaintiff is alleged to be at fault for failure to use a seat belt. *Rollins*, 238 Kan. at 455. The author of this opinion concurred in the *Rollins* holding, but noted that, eleven years prior to the accident, the legislature had required all new passenger vehicles be equipped with a seat belt for each passenger seating position. K.S.A. 8-1749. In addition, the concurrence pointed out that beginning in 1984 the legislature

required every parent or legal guardian of a child under the age of four to provide a proper passenger safety restraining system while transporting a child in the front seat area of an automobile registered in Kansas. 238 Kan. at 461. See K.S.A. 1988 Supp. 8-1344.

Based on the general rule that one must use reasonable diligence to mitigate one's damages once the risk is known, the concurring opinion reasoned that seat belts are placed in the automobile to protect the occupant from a known risk—automobile collisions. In addition to the seat belt, devices to remind the occupants to use the seat belts are also required, and the operator's manual furnished by the manufacturer states the hazards of failure to use the safety restraints. Therefore, the failure of an occupant of an automobile to use a seat belt should be a relevant factor in assessing the occupant's duty to anticipate peril and should apply to the percentage of fault as required by our comparative negligence statute. The concurring opinion further claimed that, where safety standards are set by our legislature, the failure to exercise the standard of safety is relevant to the issue of negligence and should be admissible into evidence. 238 Kan. at 461.

In 1986, subsequent to the *Rollins* case, the legislature modified the seat belt law to clarify its intent:

"Evidence of failure of any person to use a safety belt shall not be admissible in any action for the purpose of determining any aspect of comparative negligence or mitigation of damages." K.S.A. 1988 Supp. 8-2504(c).

In 1989, the Child Passenger Safety Act was also amended to provide:

"Evidence of failure to secure a child in a child passenger safety restraining system or a safety belt under the provisions of K.S.A. 8-1344, and amendments thereto, shall not be admissible in any action for the purpose of determining any aspect of comparative negligence or mitigation of damages." L. 1989, ch. 40, § 2.

It is a well-recognized rule of statutory construction that old statutes must be read in the light of later legislative enactments. The older statute must be harmonized with the newer. *Thomas v. Board of Trustees of Salem Township*, 224 Kan. 539, 544, 582 P.2d 271 (1978). K.S.A. 1988 Supp. 8-2504(c) and L. 1989, ch. 40, § 2 are now similar in that both statutes clearly indicate the

legislature's intent that the failure to use the safety devices is not admissible in any action for determining comparative negligence or mitigation of damages.

The question of whether K.S.A. 8-1346 bars the admission of evidence of both *nonuse* and *misuse* of a child safety seat requires us to apply the rules of statutory construction previously stated. Defendant reasons that 8-2504(c) and 8-1346 address only the failure to use safety devices. He argues that the word "failure," as used in these statutes, clearly and unambiguously means nonuse. When the language of the statute is plain, it is not the function of the courts to search for reasons for its enactment. *Randall v. Seemann,* 228 Kan. 395, 397, 613 P.2d 1376 (1980).

In order to ascertain whether the legislature intended for evidence of the misuse of an automobile safety device to be admissible to apportion fault or to mitigate damages, we must construe the applicable statutes. Courts are not permitted to consider only a certain isolated part or parts of an act but are required to consider and construe together all parts thereof *in pari materia. Brown v. Keill,* 224 Kan. 195, 200, 580 P.2d 867 (1978).

We find no cases regarding the misuse of safety restraints in automobile accident actions. Westlaw cites 16 cases where seat belt nonuse is equated with misuse. However, the majority of these cases involve product liability actions or the misuse of products other than automobiles.

In an automobile product liability action, the manufacturer is allowed to introduce into evidence the nonuse or misuse of its product by the user for the purpose of (1) comparing negligence and (2) defending the design of the vehicle when crashworthiness is asserted as a theory of liability. In either situation, the failure to use seat belts is treated no differently than the failure to properly use safety devices. For purposes of comparing negligence in product liability cases, evidence of a plaintiff's nonuse or misuse of an available safety restraint is a factual issue to be submitted to a jury. *Lowe v. Estate Motors Ltd.,* 428 Mich. 439, 410 N.W.2d 706 (1987).

The legislature has clearly stated that evidence concerning the failure to use a seat belt or the failure to secure a child in a safety restraining system or in a seat belt is not admissible for

the purpose of determining comparative negligence or mitigation of damages in any action. In addition, when the legislature enacted the comparative negligence statute, K.S.A. 60-258a, it contained an explicit provision changing the rule as to apportionment of causation negligence, but the common-law rule, that an act or omission which merely increases or adds to the extent of the loss or injury without contributing to the happening of the event will not affect contributory negligence, remained unchanged by the legislature.

The legislature's requirement in K.S.A. 1988 Supp. 8-1344 that parents or legal guardians protect their children by properly using child safety restraining devices makes no distinction between nonuse and misuse of a safety device. The rationale in *Hampton, Ratterree, Rollins,* and *Taplin* concerning nonuse of a safety device also applies to the misuse of a child safety seat. The common-law rule that one is not required to anticipate negligence and guard against damages which might ensue if such negligence should occur applies to nonuse and misuse of a seat belt and a child passenger safety restraint device.

Defendant argues that general principles of tort law require admission of the proffered evidence. He cites the Restatement (Second) of Torts § 324 (1964):

"One who, *being under no duty to do so,* takes charge of another who is helpless adequately to aid or to protect himself is subject to liability to the other for any bodily harm caused to him by

"(a) the failure of the actor to exercise reasonable care to secure the safety of the other while within the actor's charge;

"(b) the actor's discontinuing his aid or protection, if by so doing he leaves the other in a worse position than when the actor took charge of him." (Emphasis added.)

Defendant claims the evidence should be allowed in order to show that Tammy breached a duty she had voluntarily undertaken and to compare her fault in causing Jessica's death.

Since there is a statutory bar to the admission of this evidence, defendant's argument concerning general principles of tort law is irrelevant. Though the common law had provided the basics of the law in this state since territorial days, it is clear that, by legislative pronouncement, the common law has been modified. *Steele v. Latimer,* 214 Kan. 329, 332, 521 P.2d 304 (1974).

Finally, defendant argues that the trial court's ruling undermines this state's policy of comparative negligence as embodied in K.S.A. 1988 Supp. 60-258a. He cites *Brown v. Keill*, 224 Kan. at 203: "The perceived purpose in adopting K.S.A. 60-258a is fairly clear. The legislature intended to equate recovery and duty to pay to degree of fault. . . . [T]here is no compelling social policy which requires the codefendant to pay more than his fair share of the loss."

This position ignores *Hampton* and its progeny, which hold that evidence of seat belt nonuse is inadmissible to prove fault. In addition, it also ignores the legislature's statement of public policy embodied in K.S.A. 1988 Supp. 8-2504(c), which codified the majority's holding in *Rollins*.

Affirmed.

SIX, J., not participating.