**Fred W. AHRING, Jr., and Pamela A. Ahring, all heirs at law of Estate of Tracy Delores Ahring, Plaintiffs,**

v.

**John HOYT, Debbie Hoyt, Michelle Hoyt, a minor, and the Board of County Commissioners of the County of Anderson, Kansas, Defendants.**

**Civ. A. No. 89–2294–V.**

United States District Court,
D. Kansas.

May 24, 1991.

Paul C. Gurney, Holbrook, Ellis & Heaven, Kansas City, Kan., Bruce M Daniel, Tulsa, Okl., for plaintiffs.

Richard O. Skoog, Ottawa, Kan., Gregory A. Lee, Gehrt and Roberts, Chartered, Topeka, Kan., for defendants.

## MEMORANDUM AND ORDER

VAN BEBBER, District Judge.

Defendant, The Board of County Commissioners of the County of Anderson, Kansas (the "County"), has filed a motion for summary judgment (Doc. 38) pursuant to F.R.Civ.P. 56. Plaintiffs have responded and oppose this motion. For the reasons stated below, defendant's motion for summary judgment is granted.

This case stems from the death of Tracy D. Ahring in a one-car motor vehicle accident. The 1987 Toyota 2–door 4 Runner 4x4 in which she was riding at the time of her death was being driven by the 14–year-old minor daughter of John and Debbie Hoyt, Michelle Hoyt. Plaintiffs claim that John and Debbie Hoyt negligently entrusted their vehicle to Michelle Hoyt; that Michelle Hoyt operated the vehicle in a negli-

gent and reckless manner; and that the Board of County Commissioners is partially at fault for failing to properly maintain the road on which the accident occurred.

## I. SUMMARY JUDGMENT STANDARDS

In considering a motion for summary judgment, the court must examine any evidence tending to show triable issues in the light most favorable to the nonmoving party. *Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir.1984), *cert. denied*, 469 U.S. 1214, 105 S.Ct. 1187, 84 L.Ed.2d 334 (1985). A moving party is entitled to summary judgment only when the evidence indicates "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). A genuine factual issue is one that "can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 2511, 91 L.Ed.2d 202 (1986).

The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be discharged by "showing," that is, pointing out to the district court, that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2553–54, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party, who "may not rest on mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Id.*

## II. FACTUAL BACKGROUND

The pertinent uncontroverted facts established by the parties in accordance with D.Kan. Rule 206(c) appear as follows. The accident took place on October 12, 1988 when Michelle Hoyt was driving on a gravel road in Anderson County. Michelle Hoyt was 14 years old and had obtained her learner's permit in August of 1988. Tracy D. Ahring and Lisa J. Taylor were passengers in the vehicle and all three girls were riding up front in the two bucket seats at the time of the accident. Michelle Hoyt had driven on gravel roads many times prior to the accident and was also aware that there were big rocks in the roadway in question prior to the accident. The roadway was in its normal condition on the day of the accident. In addition, there is no evidence that the roadway was under construction at the time of the accident, nor were there any unusual circumstances such as a stalled motorist in the roadway at a hill crest.

Anderson County Sheriff Tom Hermreck investigated the accident and believes that the accident occurred as a result of Michelle Hoyt failing to maintain proper control of her vehicle on a loose gravel road. Undersheriff Daulton testified in deposition that the road the accident occurred on is not particularly dangerous when you drive within limits and that what makes the road unsafe is the driver. He also testified that a young driver with a learner's permit does not have enough experience to drive on gravel roads.

Plaintiffs' accident reconstructionist, Donald Bartlett, believes the accident was caused by an inexperienced 14–year-old driver who lost control of the vehicle due to traveling at an unsafe speed which was too fast for the existing road conditions. The driver apparently made a faulty appraisal of the road conditions and did not make the necessary adjustments of speed and position on the road to maximize safety. It is his judgment that the driving process—lack of full control of the vehicle—led to running off the right edge of the roadway into a pile of gravel, oversteering to the left before slowing to a safe speed, running off the left side of the road and overturning the vehicle.

## III. DISCUSSION

Plaintiffs have offered no evidence or testimony that the County deviated from the standard of care a private individual would owe for maintaining the subject roadway. *Rollins v. Kansas Department of Transportation*, 238 Kan. 453, 711 P.2d 1330 (1985). Furthermore, even if the plaintiffs could establish that the County did not maintain the roadway in a reasonably safe condition, plaintiffs have failed to present evidence that the condition of the roadway was the proximate cause of the accident. Moreover, there is no evidence that the County should have foreseen that the condition of the roadway on October 12, 1988, would be a contributing factor to a one-car accident involving an underaged, inexperienced, unsupervised 14–year-old driver. *Trout v. Koss Constr. Co.*, 240 Kan. 86, 91, 727 P.2d 450 (1986) (If the dangerous road condition arises through remote or unforeseen circumstances, of which the State had no notice, ordinarily liability will not attach).

Plaintiffs have offered no affidavits or other evidence to controvert the testimony presented by the County that the accident was caused by Michelle Hoyt's inexperience, and not the negligence of the County. Thus, plaintiffs have failed to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256, 106 S.Ct. at 2514. Plaintiffs have, likewise, not controverted the County's asserted facts, which are thus deemed admitted. D.Kan. Rule 206(c). Under the standards set forth above and on the facts, as established, we conclude that the County is entitled to judgment as a matter of law.

IT IS, THEREFORE, BY THE COURT ORDERED that the Board of County Commissioners of the County of Anderson, Kansas' motion for summary judgment (Doc. 38) is granted.

IT IS FURTHER ORDERED that the Board of County Commissioners of Anderson County, Kansas, is dismissed from the case.

Copies of this order shall be mailed to counsel of record for the parties.

IT IS SO ORDERED.