Secretary Theodore D. Ensley Kansas Department of Wildlife and Parks 900 S.W. Jackson, Suite 502 Topeka, Kansas 66612-1233
Dear Secretary Ensley:
As secretary for the Kansas department of wildlife and parks, you ask our opinion regarding the interpretation of language found in 1993 Senate Bill No. 20 which would amend K.S.A. 1992 Supp. 32-937
if signed by the governor.
The language in question is found in section 1(g) of the bill and reads as follows:
 "The secretary may authorize, by rule and regulation, adopted in accordance with K.S.A. 1992 Supp. 32-805, and amendments thereto, landowner or tenant hunt-on-your-own-land big game permits. Such permits shall be transferable by any landowner or tenant hunt-on-your-own-land big game permit holder to any Kansas resident or non-resident member of the immediate family who pays the required fee for a general permit or nonresident permit and the additional payment of a big game transfer fee. . . ." (Emphasis added).
You ask whether the underlined portion of this section denotes that permits may be transferred to any Kansas resident. Your question arises because the underlined portion may be understood in two ways, i.e. the permits are transferable:
 (first interpretation): to any Kansas resident, or to any nonresident who is a member of the immediate family of the permit holder
OR
 (second interpretation): to any Kansas resident member of the immediate family of the permit hold, or to any nonresident who is a member of the immediate family of the permit holder
Prior to amending the bill as recommended by the conference committee, the pertinent portion of section 1(g) read:
 ". . . transferable to . . . any Kansas resident or non resident. . . ." The conference committee report which was adopted by the house of representative and acceded to by the senate contained the following pertinent amended language: "transferable to any Kansas resident or nonresident member of the immediate family. . . ." Journal of the House, April 6, 1993. Seven representatives presented an "explanation of vote" on the amendments which gives some guidance concerning the intent of the legislature in adopting the amending language.
 "Mr. Speaker: I vote yes on SB 20. My yes vote is because of the clear explanation at the mike that the new language on page 2, lines 28-30 of the bill allows landowner and tenant hunt-on-your-own-land permits to be transferred to any Kansas resident whether related or not. The non-resident who uses a landowner or tenant hunt-on-your-own-land permit would be required to be a relative to have the permit transferred to that person. The language in the bill is somewhat confusing, but the explanation was clear. Mr. Speaker, I vote yes. Eugene Shore, Gary K. Hayzlett, Fred Gatlin, Foann Freeborn, Gayle Mollenkamp, Bill Bryant, Melvin Neufeld" Journal of the House, April 6, 1993.
This "explanation of vote" is important because of fundamental rule of statutory construction is that the purpose and intent of the legislature governs. To determine legislative intent, particularly where a statute is ambiguous, rules of statutory construction may be applied, Group v.Kansas Public Employees Retirement System, 3 Kan. App. 2d (1979), including consideration of language used as well as circumstances attending the passage of a bill. Watkins v. Harstock, 245 Kan. 756 (1989). The "explanation of vote" which refers to "the clear explanation" presented to the house members is one such attendant circumstance.
Concerning the language used, a relevant rule of statutory construction is found in Ruthrauff, Administratrix v. Kensinger, 214 Kan. 185 (1974):
 "[I]n construing statutes, qualifying words, phrases and clauses are ordinarily confined to the last antecedent, or to the words and phrases immediately preceding. The last antecedent, within the meaning of this rule, has been regarded as the last word [or clause] which can be made an antecedent without impairing the meaning of the sentence." p. 190-191.
In the phrase "to any Kansas resident or nonresident member of the immediate family," the qualifying clause in issue is "member of the immediate family." Following the above rule of statutory construction, that clause would be confined to modification of the last antecedent,i.e. "nonresident." Consideration of the application of this rule of statutory construction coupled with consideration of the "explanation of vote" lead us to the conclusion that the first interpretation of the language of Senate Bill No. 20 set forth above is the correct interpretation. In addition, had the legislature intended the limitation contemplated by the second interpretation, the legislature could have clearly specified such by use of the language "to any member of the immediate family, whether a Kansas resident or not."
In conclusion, in our opinion 1993 Senate Bill No. 20 which, if signed by the governor would amend K.S.A. 1992 Supp. 32-937(g), establishes two categories of persons to whom a landowner or tenant hunt-on-your-own-land may transfer big game permits: (1) to any Kansas resident or (2) to any nonresident member of the immediate family of the Kansas permit holder.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Camille Nohe Assistant Attorney General
RTS:JLM:CN:bas