Lawrence T. Buening, Jr. Executive Director Kansas Board of Healing Arts 235 S. Topeka Blvd. Topeka, Kansas 66603-3068
Dear Mr. Buening:
As executive director of the Kansas board of healing arts you inquire whether physical therapists regulated by K.S.A. 65-2901 et seq. may accept patient referrals from physicians licensed outside of the state.
You indicate that physical therapists may evaluate patients without physician referral, but they may initiate treatment only after consultation and approval by a physician licensed to practice medicine and surgery, a licensed podiatrist, or a licensed dentist in appropriately related cases. K.S.A. 65-2901(b). See also K.S.A.65-2912(a)(8). Related administrative regulations also make reference to the practitioner with whom the physical therapist works but fail to define the terms "qualified practitioner," "attending practitioner" or "referring or consulting practitioner." K.A.R. 100-37-1.
At issue is whether the legislature intended that physical therapists be restricted to referrals from Kansas licensed physicians.
The interpretation of a statute is a question of law and it is the court's function to interpret the statute to give it the intended effect. Unified School District No. 279 v. Sec'y of the KansasDepartment of Human Resources, 247 Kan. 519, 524 (1990). The fundamental rule of statutory construction is that the purpose and intent of the legislature govern when that intent can be ascertained from the statute.247 Kan. at 527; Bank IV Wichita, Nat. Ass'n v. Plein, 250 Kan. 701, 705
(1992).
A perusal of the act's legislative history indicates a clear legislative intent not to restrict physical therapists to working only with physicians licensed in this state. See L. 1983, ch. 215, sec. 1 and Minutes, Senate Committee on Public Health and Welfare, February 16, 1993, attachment 10, (deleting the requirement that physical therapists shall practice under the direction of a physician licensed and registeredin this state.) We must presume the legislature intended the effect of these changes. Watkins v. Hartsock, 245 Kan. 756, 759 (1989); Sanstrav. Kansas Highway Patrol, 15 Kan. App. 2d 148, 151 (1991) review denied [citing Citizens State Bank of Grainfield v. Kaiser,12 Kan. App. 2d 530, 536 (1986) review denied].
In conclusion we opine that physical therapists licensed pursuant to K.S.A. 65-2901 et seq. may accept referrals from out-of-state licensed physicians.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Guen Easley Assistant Attorney General
RTS:JLM:GE:jm