[Civ. No. 24416.   Second Dist., Div. One.   Sept. 8, 1960.]

LEONA LEGG, Appellant, v. MUTUAL BENEFIT HEALTH AND ACCIDENT ASSOCIATION (a Corporation), Respondent.

Leona Legg, in pro. per., for Appellant.

J. Edward Haley for Respondent.

WOOD, P. J.—Demurrer to complaint was sustained without leave to amend. Plaintiff appeals from the judgment of dismissal.

The first words in the complaint are: "IDENTIFICATION OF FORMER ACTION BEFORE ENTRY OF JUDGMENT, TO WITT: (a) In the former action *Legg* v. *Mutual Benefit Health & Accident of Omaha,* the several amended and supplemental complaint for accrued indemnification was filed in action No. 540669, and a second judgment was entered on the Sixth Amended & Supplemental Complaint based on the grounds that no fees had been paid to . . . County Clerk . . . by this plaintiff prosecuting her appeal in forma pauperis . . . and defendant is freed from his obligation under his contract to pay plaintiff previous accrued indemnity to the date of entry of the judgment. (b) The former judgment of dismissal . . . does not act as an estoppel and is not res judicata to any claims for subsequent monthly indemnification thereafter accruing under the terms of said policy contract."

Immediately following the above words of the complaint, the complaint recites: "FOR CAUSE OF ACTION AGAINST DEFENDANT, FOR CLAIMS FOR SUBSEQUENT INDEMNIFICATIONS ACCRUING UNDER POLICY CONTRACT:

### I.

"That the defendant . . . is an association organized . . . under . . . the laws . . . of Nebraska . . . .

### II.

"That . . . about the 7th day of November, 1944, in consideration of the payment by the plaintiff . . . of $27 for the first quarter, and $17.50 for each quarter period thereafter, the defendant made and delivered to the plaintiff its . . . Policy Contract of Insurance . . . see—Paragraph III as follows.

### III.

"That the plaintiff hereby adopts . . . and incorporates herein by reference . . . as though fully set forth herein the several copies of documents identified as Exhibits as follows: 1. Exhibits, Case No. 540669——(a) Insurance Policy, Plaintiff's Exhibit No. 1. (b) Receipt . . . . (c) Receipt . . . . (d) Receipt . . . ."

Allegations in other paragraphs of the complaint are in substance, as follows: On February 6, 1947, while the health

and accident insurance policy was in effect, the plaintiff received personal injuries which wholly and continuously disabled her. On several recent occasions she became disabled with sickness within the time period provided in the policy. By reason of the injuries and sickness she is under the care of a physician and is prevented from pursuing her occupation as a designer and stylist, or other employment. Immediately after the injuries and sickness she gave to defendant due notice and proof thereof, and she has performed all the conditions of the policy to be performed by her, and she demanded payment by defendant of all sums accruing under the policy. The policy provides that in the event of disability of plaintiff the defendant will pay to plaintiff $100 a month so long as she suffers total loss of time. Demand has been made upon defendant for payment of all sums accruing under the policy, but payment has been refused, except $100. "[S]ince the entry of judgment as aforesaid, subsequent accrued disability benefits" have become due in the sum of $3,045.63. After the filing of the complaint, and prior to the trial, additional sums will become due and, at the trial, plaintiff will ask permission to amend the complaint to include the additional sums.

The introductory recital in the complaint, which is labeled "Identification of Former Action Before Entry of Judgment," shows that in a former action, numbered 540669, plaintiff sought recovery of amounts which allegedly had accrued under the insurance policy involved herein; and that the judgment therein was that defendant was not required "to pay plaintiff previous accrued indemnity to the date of entry of judgment" in the former action. Also, that recital in the complaint herein states that the former judgment of dismissal is not res judicata "to any claims for subsequent monthly indemnification thereafter accruing" under the insurance policy. In other words, in that introductory recital, plaintiff herein has alleged in effect that the judgment in action No. 540669 was res judicata as to amounts which allegedly accrued under the insurance policy prior to the judgment in that former action; but, that the judgment was not res judicata as to amounts allegedly accruing after the judgment. Paragraph III of the present complaint alleges that plaintiff incorporates in the present complaint, by reference, the documents which were exhibits in case No. 540669, namely, the insurance policy and three receipts. ■ Al-

though those documents, which are in the other case, cannot be made a part of a pleading in this case by such reference to them, such an allegation was in effect an invitation for the trial court herein to take notice of those documents and the other case. Such an allegation is in effect an allegation that the policy involved in the other case is the same policy that is involved herein. It is implicit in the present complaint that the basis upon which plaintiff is seeking herein to recover insurance payments allegedly accruing after the former judgment is the same basis upon which she sought to recover insurance payments allegedly accruing prior to the former judgment. As above indicated, the complaint herein shows that plaintiff concedes that the judgment in the former case was a final determination that plaintiff was not entitled to recover, under the insurance policy, any payment allegedly accruing prior to that former judgment. By reason of plaintiff's alleged ''identification of'' and references to the former judgment, it is apparent that plaintiff was anticipating the defense of res judicata, and she was endeavoring to by-pass, on demurrer, the effect of the former judgment on the present action. Her theory of the complaint is indicated by a statement in her brief that ''Successive actions may be made upon the same contract or transaction whenever, after the former action, a new cause of action arises therefrom.'' Those quoted words are the words of section 1047 of the Code of Civil Procedure. She argues to the effect that a new cause of action arose from the insurance policy when, after the former adverse judgment, several months elapsed and she was still disabled from the alleged injury and sickness, and the insurance company had not paid her $100 a month. The question presented is, of course, whether a new cause of action arose. ▆▆▆ The only reasonable conclusion to be drawn from the allegations of her complaint, and particularly the allegation that by the former judgment the defendant was ''freed'' from its obligation to make indemnity payments which accrued prior to the judgment, is that the former action, which was based on the same policy and disability, was tried on the merits with the result that plaintiff was not entitled to recover payments under the policy. Since it appears from the complaint that it was judicially determined that defendant was not liable under the provisions of the policy for indemnity payments allegedly accruing before the former judgment, it necessarily follows that a new cause

of action would not arise after the former judgment merely because some time had elapsed and plaintiff was still disabled and had not been paid. Of course, there could not be a continuing liability under the policy unless there was original liability thereunder. The code section cited by plaintiff might have been applicable if the former judgment had been in favor of plaintiff and determined that there was liability under the policy, and if thereafter indemnity payments had accrued, but under the circumstances here the former judgment was adverse to plaintiff and determined that there was no liability under the policy. The complaint does not show that a new cause of action arose after the former judgment.

Appellant also refers, in the complaint, to the former judgment as a judgment of dismissal. She states in her opening brief (pp. 8 and 9) that the trial judge in the present case should have been satisfied that the complaint herein stated a cause of action based on a separate legal obligation for subsequent accrued benefits accruing after previous judgment of "dismissal of said action because no fees had been paid to said clerk . . . ."  She seems to argue that since it was a judgment of dismissal it was not a bar to a further action based upon the policy. It is to be noted that her complaint shows that the dismissal was a dismissal of her appeal from the judgment. It was not a dismissal of the action in which the judgment against her had been rendered—and from which judgment she had appealed. After the dismissal of her appeal from that judgment, the judgment became effective and final. The dismissal of the appeal did not render the judgment ineffective as a bar to a further action involving issues determined by the judgment.

In *McManus* v. *Bendlage*, 82 Cal.App.2d 916 [187 P.2d 854], it was said at page 923 : "One bringing a suit on a cause of action which is estopped by the judgment therein from pleading the same matter . . . in a separate action brought against him . . . . A determination in a prior action as to relative rights and duties of a party to a contract in controversy is conclusively fixed by the judgment insofar as such rights and duties were within the issues raised and were actually or by necessary inference adjudicated."

Under certain circumstances and "in the interests of justice," a court may take judicial notice of proceedings in another case in the same court. In *Pike* v. *Archibald*, 118 Cal.App.2d 114 [257 P.2d 480], it was said (pp. 116 and 117)

that the general rule that the court will not take judicial notice of other actions "has many exceptions and that in the interest of justice, the court may take judicial notice of proceedings in other cases in the same court." ▇ In *Watson* v. *Los Altos School Dist.*, 149 Cal.App.2d 768, it was said at page 771 [308 P.2d 872] : "The rule is well settled that a complaint otherwise good on its face is nevertheless subject to demurrer when facts judicially noticed render it defective. As pointed out in 2 Witkin, California Procedure, page 1185 : 'The theory is that the pleader should not be allowed to bypass a demurrer by suppressing facts which the court will judicially notice.' " ▇ Plaintiff's allegations in the present complaint raising the question of res judicata in connection with the former judgment, and her unclear allegations regarding "a second judgment" after dismissal of her appeal in the former case, would indicate that the trial court "in the interests of justice" should take judicial notice of the former case, referred to by plaintiff, in order to properly consider the res judicata allegations and to understand the allegations regarding "a second judgment." In defendant's points and authorities in support of its demurrer, which points and authorities are a part of the record on appeal herein, the defendant referred to the former action No. 540669 (also referred to in the complaint), and recited some information concerning it, and asserted in effect that the trial court could take judicial notice of it. The record on appeal herein does not state that the trial court took judicial notice of the former action, but in view of the allegations of the complaint which in effect invited the court to take notice of the former action, and in view of defendant's points and authorities on the subject of judicial notice, it will be assumed that the trial court in the proper performance of its duties took judicial notice of the former action. Upon this court's motion, the superior court file in that former action has been transmitted to this court. The file shows, among other things, that the case was tried by a jury, before Judge Martin Katz, and that the verdict was in favor of defendant. That file also shows that, in response to special interrogatories, the jury found that the insurance policy was not in force on February 6, 1947, the date of the alleged injury, and that it went out of force and lapsed on December 1, 1946. It thus appears that it had been adjudicated in the former action that defendant was not liable under the policy. ▇ Since there was a final

adjudication in the former action that there was no liability under the policy for payments allegedly accruing before that judgment, there would be no liability for payments allegedly accruing thereafter. The complaint did not state a cause of action.

Appellant also asserts that on the hearing of the demurrer the trial court would not permit her "to object by argument" or to take exception to defendant's argument. Contrary to such assertion of appellant, the judgment of dismissal in this case states that she did argue the demurrer. The judgment states, in part: "Following argument by plaintiff in propria persona and J. Edward Haley, attorney for defendant, the cause was submitted . . . ."

The burden is upon plaintiff to show that the trial court abused its discretion in not granting leave to amend the complaint. (*Broadway Fed. etc. Loan Assn. v. Howard*, 133 Cal.App.2d 383, 401 [285 P.2d 61].) She has not shown an abuse of discretion herein.

The judgment is affirmed.

Fourt, J., and Lillie, J., concurred.