STATE OF NEBRASKA, APPELLEE, V. JOHN WILLIAM
McDANIEL, APPELLANT.

285 N. W. 2d 841

Filed December 11, 1979. No. 42682.

Herbert M. Sampson III, Box Butte County Public Defender, for appellant.

Paul L. Douglas, Attorney General, and Bernard L. Packett, for appellee.

Heard before KRIVOSHA, C. J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

WHITE, J.

The defendant, appellant in this court, John William McDaniel, was charged and convicted after a trial to the court for failure to appear for sentence in violation of section 29-908, R. R. S. 1943. The defendant was sentenced to a term of 1 year in the Nebraska Penal and Correctional Complex, consecutive to a sentence currently being served. On June 5, 1978, the defendant appeared in the District Court for Box Butte County and pled guilty to a charge of receiving stolen property. Defendant was sentenced to a term in the Nebraska penal complex. The execution of the sentence was delayed and the defendant was released on a bond of $3,000. The bond was a bind-over bond from the county court of Box Butte County but was continued up to and after the date of

June 27, 1978, on which date the defendant was sentenced. The defendant, at the date of sentence, was ordered to surrender himself to the sheriff of Box Butte County on July 25, 1978, at 10 a.m. Defendant did not surrender himself on that date or within 3 days thereafter. The defendant maintains the court erred in several respects. All of the assignments of error involve the same question. For reasons discussed herein, we affirm the judgment of the District Court.

Section 29-908, R. R. S. 1943, provides, in pertinent part: "Whoever *is charged with a felony and is released from custody under bail, recognizance, or a conditioned release and willfully fails to appear before the court granting such release when legally required or to surrender himself within three days thereafter, shall be guilty of a felony,* and shall, upon conviction thereof, be imprisoned in the Nebraska Penal and Correctional Complex * * * for not more than three years, in addition to any other penalties or forfeitures provided by law." (Emphasis supplied.)

The defendant argues that the words "charged with a felony" mean that the defendant stands accused of the commission of a crime and is not yet convicted and the phrase does not include a defendant who has been convicted and sentenced. Essentially, the defendant argues that there is no criminal statute covering the conduct in which he engaged and that the State is left to whatever civil remedy it might have with respect to the defendant's failure to appear to begin the service of his sentence.

The defendant argues that penal statutes may not be extended by implication and that a person cannot be punished for an offense which is not made penal by the plain import of the words upon the pretense that he has offended its spirit. He cites numerous cases, including State v. Mosley, 194 Neb. 740, 235 N. W. 2d 402 (1975). We are persuaded otherwise. The

legislative intent, as exhibited by testimony offered by the bill's sponsor, recites as follows: "Our primary reason for introducing this is that so we can get the approval and the support of district judges, county judges, and municipal judges in instances when we think someone should be qualified for release on their own recognizance. But it is recognized that while they may be released without having to post a money bail, they are also required . . . . . . In case they do not appear, do not show up when they are scheduled to appear *either for the trial or subsequent appearance,* there is a separate and distinct penalty provided for." (Emphasis supplied.) Proceedings of the Judiciary Committee of the Eighty-second Legislature, February 2, 1971.

In State v. Mosley, *supra,* this court said that a determination of guilt of the crime charged and the imposition of a sentence constitute a conviction. A person to be convicted of a crime must also have had the constituent and earlier element of being charged with a crime. "It is a fundamental rule of statutory construction that if possible a court will try to avoid a construction which leads to absurd, unjust, or unconscionable results. A sensible construction will be placed upon a statute to effectuate the object of the legislation rather than a literal meaning that would have the effect of defeating the legislative intent." State v. Nance, 197 Neb. 257, 248 N. W. 2d 339 (1976).

The defendant concedes that in extradition cases the person convicted of a crime is considered to have been charged with the crime for the purposes of jurisdiction to order the defendant returned to the requisitioning state. As said in Drinkall v. Spiegel, Sheriff, 68 Conn. 441, 36 A. 830 (1896): "A person can be said to be charged with a crime as well after conviction as before. The conviction simply establishes the charge conclusively. An unsatisfied judgment of conviction still constitutes a 'charge,' within

the true intent and meaning of the Constitution. An indictment on affidavit merely presents the charge, while a conviction proves it.''
The judgment of the District Court is affirmed.

AFFIRMED.