409 So.2d 1331 (1982)
James Allen WILLIAMS, by and Through His Mother and Next Friend, Maggie Williams
v.
STATE of Mississippi.
No. 53092.
Supreme Court of Mississippi.
February 17, 1982.
Blackmon, Smith & Nichols, Edward Blackmon, Jr., Jackson, for appellant.
Bill Allain, Atty. Gen. by Marvin L. White Sp. Asst. Atty. Gen., Jackson, for appellee.
Before SMITH, ROY NOBLE LEE and BOWLING, JJ.
BOWLING, Justice, for the Court:
Appellant James Allen Williams was denied his petition for a writ of habeas corpus by the Circuit Court of Yazoo County. He appeals from that denial. We affirm.
In March 1980 appellant plead guilty to a charge of selling marijuana. He was sentenced by the Circuit Court to a term of ten years with the Department of Corrections. The entire sentence was suspended and appellant placed on probation for three years. On July 22, 1980, appellant was arrested again for the alleged sale of marijuana. On petition by the district attorney, a hearing requesting revocation of the suspended sentence and probation was held on August 20, 1980. After the hearing the circuit court granted the petition and revoked the suspended sentence and probation. Appellant was ordered to begin serving the sentence.
On December 4, 1980, appellant filed his petition for writ of habeas corpus contending that his constitutional rights were violated for the reason that at the revocation hearing the public was barred from the courtroom. It is admitted that the reason for this action by the trial judge was that the principal witness was an undercover agent, who was still working in the area; that divulging his identity would be a threat to him personally and would serve to diminish his effectiveness. Appellant contends first that the public should have been admitted to the hearing completely under appellant's constitutional rights. Secondly, it is contended that the public, including members of appellant's family, should have been permitted at the hearing at all times other than during the testimony of the undercover agent.
Appellant contends that the closed hearing denied his rights under Article III, Section 26, Mississippi Constitution (1890), and Amendment VI to the United States Constitution. A reading of those instruments shows that they clearly apply to "criminal prosecutions." The question then is primarily whether or not a revocation hearing *1332 comes within that term. Clearly, it does not. This statement is borne out by all authorities.
This Court in the case of Gardner v. Collier, 274 So.2d 662 (Miss. 1973), quoted the United States Supreme Court in its opinion in Morrissey v. Brewer, 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), and said the following:
We begin with the proposition that the revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations. Cf., Mempa v. Rhay, 389 U.S. 128, 88 S.Ct. 254, 19 L.Ed.2d 336 (1967). Parole arises after the end of the criminal prosecution, including imposition of sentence. Supervision is not directly by the court but by an administrative agency, which is sometimes an arm of the court and sometimes of the executive. Revocation deprives an individual not of the absolute liberty to which every citizen is entitled, but only of the conditional liberty properly dependent on observance of special parole restrictions.
Morrissey, supra, further said:
Our task is limited to deciding the minimum requirements of due process. They include (a) written notice of the claimed violations of parole; (b) disclosure to the parolee of evidence against him; (c) opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross examine adverse witnesses (unless the hearing officer specifically finds good cause for not allowing confrontation); (e) a "neutral and detached" hearing body such as a traditional parole board, members of which need not be judicial officers or lawyers; and (f) a written statement by the fact-finders as to the evidence relied on and reasons for revoking parole. We emphasize there is no thought to equate this second stage of parole revocation to a criminal prosecution in any sense. It is a narrow inquiry; the process should be flexible enough to consider evidence including letters, affidavits, and other material that would not be admissible in an adversary criminal trial.
In Gagnon v. Scarpelli, 411 U.S. 778, 93 S.Ct. 1756, 36 L.Ed.2d 656 (1973), the court said:
Petitioner does not contend that there is any difference relevant to the guarantee of due process between the revocation of parole and the revocation of probation, nor do we perceive one. Probation revocation, like parole revocation, is not a stage of criminal prosecution, but does result in a loss of liberty. Accordingly, we hold that a probationer, like a parolee, is entitled to a preliminary and a final revocation hearing, under the conditions specified in Morrissey v. Brewer, supra.

We stop here to say that at the hearing on the petition for writ of habeas corpus, neither party introduced any of the proceedings conducted at the revocation hearing. There were some vague stipulations which were sufficient to verify that the allegation of a closed hearing was correct and that the reason for the closed hearing as stated by the lower court was correct. It is important to note that at the revocation hearing, appellant was represented by an attorney whose reputation and competence is not questioned. There is nothing in this record to show definite objection and the reasons therefor made at the revocation hearing. Also, the testimony of the attorneys in the habeas corpus hearing reflect that a request was made for the hearing to be open to the public, primarily to the members of appellant's family. We, therefore, are proceeding under the assumption that the revocation hearing was closed to the public and objection thereto was made and overruled.
The principle before us was ably stated by the district court in United States v. Hollien, 105 F. Supp. 987 (W.D.Mich., 1952), and it is stated:
The defendant stands convicted in the United States District Court for the Northern District of Indiana, and probation was granted him as a privilege and not as a matter of right. The bench warrant issued by this court for probation *1333 violation can be served at any time during his probationary period, and upon a proper hearing and satisfactory proof of such violation, the court can revoke his probation and require him to serve the sentence which was imposed for the offense of which he was convicted. The hearing on the charge of probation violation is in the nature of a summary proceeding and is not a "criminal prosecution" entitling defendant to a "speedy and public trial" under the Sixth Amendment of the Constitution. See Burns v. United States, 287 U.S. 216, 53 S.Ct. 154, 77 L.Ed. 266; Escoe v. Zerbst, Warden, 295 U.S. 490, 55 S.Ct. 818, 79 L.Ed. 1566.
We hold that the appellant's constitutional rights under either the United States or Mississippi Constitutions were not violated when the public was excluded from the hearing on the petition to revoke appellant's suspended sentence and probation. This was in the nature of an administrative summary proceeding growing out of a privilege that was granted appellant by the lower court when the suspended sentence and probation was granted. As stated in Morrissey, supra, the hearing was not a part of a criminal prosecution and thus, the full panoply of right due a defendant in a criminal prosecution under the requirements of the Constitutions does not apply to suspension and parole revocations.
AFFIRMED.
SMITH, and SUGG, P. JJ., and WALKER, BROOM, ROY NOBLE LEE and HAWKINS, JJ., concur.
PATTERSON, C.J., and DAN M. LEE, J., took no part.