(811 P.2d 1256)

No. 65,048

STATE OF KANSAS, *Appellee*, v. ARLETHA MILLER, *Appellant*.

Opinion filed May 24, 1991.

*Elizabeth Sterns and Reid T. Nelson*, assistant appellate defenders, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Debra A. Vermillion*, assistant district attorney, *Paul J. Morrison*, district attorney, and *Robert T. Stephan*, attorney general, for appellee.

Before RULON, P.J., ELLIOTT and LEWIS, JJ.

RULON, J.: Arletha Miller appeals her conviction of aggravated failure to appear. K.S.A. 21-3814.

Principally, we are asked to decide if the district court erred in ruling that K.S.A. 21-3814 applies to failure to appear at a probation revocation proceeding. For the reasons stated below, we reverse and remand with directions.

On June 24, 1987, Arletha Miller pleaded guilty to one count of felony theft. As a result of the plea, Miller was sentenced to a term of incarceration of one to two years, but was ultimately placed on probation. On October 18, 1988, the State moved to revoke Miller's probation as a result of her failure to pay court costs and restitution. Miller was arrested on December 12, 1988, on the basis of the probation violations. Bond was set at $2,000 cash or surety, and Miller posted that bond on December 15, 1988. Miller was ordered to appear on January 3, 1989, for a hearing on the probation revocation. She failed to appear, and the court issued a bond forfeiture and a bench warrant for her arrest.

Later, the State filed the present action, charging Miller with aggravated failure to appear at her probation revocation hearing. Subsequently, she was arrested on August 5, 1989.

Ultimately, Miller filed a motion to dismiss the charge of aggravated failure to appear. After noting the Kansas appellate courts had not interpreted K.S.A. 21-3814, the district court denied Miller's motion to dismiss.

The district court found Miller guilty and she appealed.

K.S.A. 21-3814 provides:

"Aggravated failure to appear is willfully incurring a forfeiture of an appearance bond and failing to surrender oneself within thirty (30) days following the date of such forfeiture by one who is charged with a felony and has been released on bond for appearance before any court of this state, or willfully incurring a forfeiture of an appearance bond and failing to surrender oneself within thirty (30) days after his conviction of a felony has become final by one who has been released on an appearance bond by any court of this state.

"Aggravated failure to appear is a class E felony."

Miller argues that K.S.A. 21-3814 is not applicable under the present facts. She argues that the statute requires an underlying felony before it can be invoked, and that her felony conviction for theft ended when she was placed on probation. Further, she argues that, because probation is quasi-civil in nature and not part of the criminal proceeding, the felony theft conviction cannot be used as the underlying felony. In essence, she argues the statute only applies to those persons charged with a felony who have not yet been convicted and those who have been convicted of a felony but have failed to appear for sentencing.

The State argues that the statutory language "charged with a felony" should not be interpreted as narrowly as Miller requests. The State argues that the language includes those persons already convicted, including those who are serving a portion of their sentences on probation.

"Interpretation of a statute is a question of law, and it is the function of the court to interpret a statute to give it the effect intended by the legislature." *Director of Taxation v. Kansas Krude Oil Reclaiming Co.*, 236 Kan. 450, 455, 691 P.2d 1303 (1984).

"The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when the intent can be ascertained from the statute. In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the

duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible." *State v. Adee*, 241 Kan. 825, 829, 740 P.2d 611 (1987).

See *Watkins v. Hartsock*, 245 Kan. 756, 759, 783 P.2d 1293 (1989).

"When a penal statute is questioned, the court is required to strictly construe the act in favor of the accused." *State v. Magness*, 240 Kan. 719, 721, 732 P.2d 747 (1987); see *State v. Trudell*, 243 Kan. 29, 34, 755 P.2d 511 (1988); *State v. Cole*, 238 Kan. 370, 372, 710 P.2d 25 (1985). "The rule of strict construction concerning penal statutes is subordinate to the rule that judicial interpretation must be reasonable and sensible to effectuate legislative design and the true intent of the legislature." *State v. Carmichael*, 240 Kan. 149, 159, 727 P.2d 918 (1986) (citing *State v. Fowler*, 238 Kan. 213, 215, 708 P.2d 539 [1985]).

Because Miller was released on bail pending disposition of the motion for revocation, a review of the Kansas bail statutes is both appropriate and helpful to a resolution of the issue before us. The extent of the district court's authority to grant bail to a defendant is governed by statute. These statutes, K.S.A. 22-2801 *et seq.*, only provide for release of a defendant on bail in three circumstances. K.S.A. 1990 Supp. 22-2802 allows the release of the defendant prior to trial. K.S.A. 22-2804 allows release of the defendant after conviction but before sentencing. K.S.A. 22-2804 also allows the defendant to post bond after conviction while appeal is pending. Essentially, bond can be posted in the post-charge/pretrial setting and in the post-conviction/presentence or appeal pending setting.

The breakdown of the bond statutes into pre- and post- conviction coincides with the language of the aggravated failure to appear statute. A defendant can be found guilty of aggravated failure to appear if the defendant has failed to appear and has been "charged with a felony." K.S.A. 21-3814. This language applies to the post-charge/pretrial instance. However, this language does not apply post-conviction because the second portion of K.S.A. 21-3814 covers that phase of the criminal proceeding.

Under the second portion of the statute, the defendant may be guilty of aggravated failure to appear if the defendant fails to surrender within 30 days after conviction. This would seem to

include the phase of post-conviction/presentence or appeal pending. In one case, bond would be used to assure the defendant's presence at sentencing and, if sentenced, to assure defendant reported to jail at the proper time. In the other case, bond would be used to assure the defendant surrenders if the conviction is affirmed on appeal.

We now turn to the specific issue before us: whether K.S.A. 21-3814 applies to failure to appear at a probation revocation hearing. It is clear that a "[p]robation revocation . . . is not a stage of a criminal prosecution." *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 36 L. Ed. 2d 656, 93 S. Ct. 1756 (1973). One court has termed a revocation proceeding as "an administrative summary proceeding growing out of a privilege that was granted [the defendant] by the lower court when the suspended sentence and probation was granted." *Williams v. State*, 409 So. 2d 1331, 1333 (Miss. 1982).

This court has viewed revocation proceedings in the following manner:

"The purpose of a probation revocation hearing is not to punish a criminal for violation of the law, but rather to determine whether he has violated the conditions of probation. The court's authority to revoke probation does not depend upon whether defendant's probationary conduct is criminal. [Citation omitted.] Rather, the function of the court at the probation revocation hearing is to determine whether to impose or execute a sentence for an offense of which defendant has already been convicted and for which probation was granted. [Citation omitted.]" *State v. Quarles*, 13 Kan. App. 2d 51, 54, 761 P.2d 317, *rev. denied* 244 Kan. 740 (1988).

The State seeks to have the aggravated failure to appear statute applied to revocation of probation hearings. In support of its contentions, the State cites two cases.

In *Tines v. Hudspeth*, 164 Kan. 471, 190 P.2d 867 (1948), the petitioner in a habeas corpus action argued that he could not be extradited from Nebraska to Kansas because he was not "charged with crime" in Kansas. In that case, the petitioner had already been convicted in Kansas. Our Supreme Court held that a "person is 'charged with crime' where prosecution has been initiated, pursued to judgment of conviction and sentence has not expired." 164 Kan. at 477. This language would seem to indicate that the

language in K.S.A. 21-3814, "charged with a felony" should be applied to those instances when sentence has not yet expired.

The application of *Tines* is somewhat questionable for several reasons. Although the *Tines* court interpreted "charged with crime" as including serving of the sentence, the court does not mention anything regarding probation. Further, interpreting the language of K.S.A. 21-3814 "charged with a felony" to include post-conviction instances would negate the second part of K.S.A. 21-3814 which specifically covers these instances. Finally, the decision predates *Gagnon v. Scarpelli*, 411 U.S. at 782, in which the United States Supreme Court held that probation revocation "is not a stage of a criminal prosecution," and the Kansas Supreme Court's decision in *State v. Dubish*, 236 Kan. 848, 851, 696 P.2d 969 (1985), in which the court held: "The final judgment in a criminal case is the sentence and, by placing the defendant on probation, the trial court does not affect the finality of the judgment." See also K.S.A. 21-3814 ("failing to surrender oneself within thirty (30) days after his conviction of a felony has become *final . . .*") (emphasis added).

Next, the State cites *State v. McDaniel*, 205 Neb. 53, 285 N.W.2d 841 (1979), which arguably may be applicable but does have some significant distinguishing characteristics. McDaniel was convicted and sentenced after pleading guilty to the charge of receiving stolen property. The execution of sentence was delayed, and McDaniel was released on bond. 205 Neb. at 53. When McDaniel failed to surrender himself to the sheriff on the agreed date, he was charged with failure to appear for sentence in violation of Neb. Rev. Stat. § 29-908 (1989). 205 Neb. at 53-54. The Nebraska statute provides: "Whoever is charged with a felony and is released from custody under bail, recognizance, or a conditioned release and willfully fails to appear before the court granting such release when legally required or to surrender himself within three days thereafter, shall be guilty of a class IV felony." After citing an extradition case in which it was held that an "unsatisfied judgment of conviction still constitutes a 'charge,' " the *McDaniel* court construed the language "charged with a felony" to include an unsatisfied judgment of conviction. 205 Neb. at 55-56.

*McDaniel* does not deal with a defendant who was placed on probation. The statute which the Nebraska court was interpreting did not contain language similar to that of K.S.A. 21-3814, which distinguishes "charged with a felony" and "conviction of a felony." The Nebraska statute did not take into account that sentencing constitutes a final judgment. Finally, *McDaniel* deals with a delay between sentencing and the time the defendant was to present himself to the sheriff to begin serving the sentence imposed. See also Annot., 63 A.L.R. 4th 1064, § 25[c] at 1132 (discussing other cases where defendant failed to appear to commence incarceration).

Examining the language of K.S.A. 21-3814, we note the statute does not explicitly make an exception for revocation of probation hearings. However, neither does it specifically include failure to appear at these hearings.

We conclude that the district court erred in ruling that K.S.A. 21-3814 applied to the defendant's failure to appear for a probation revocation hearing. The theft charge against Miller reached final judgment when she was sentenced, and placement of Miller on probation did not affect that finality. That conviction cannot therefore serve as the underlying felony for a charge of aggravated failure to appear. Because a probation revocation hearing is a quasi-civil procedure, failure to appear at such a hearing is not a criminal offense and therefore does not meet the statutory requirement of an underlying felony charge for which the defendant failed to appear. Our reading of K.S.A. 21-3814 can produce no other interpretation. For us to hold that the defendant's failure to appear for a probation revocation hearing meets the statutory elements of K.S.A. 21-3814, we would be required to engraft language onto this statute which was not included by the legislature.

If the legislature intends to make failure to appear at a probation revocation hearing a criminal offense under K.S.A. 21-3814, this statute must be amended to specifically include such an offense. Under the facts presented and under the language of K.S.A. 21-3814 as it now reads, where defendants fail to appear at revocation proceedings, the court could simply hold that they forfeited their right to present reasons why their probation should not be revoked. Absent such evidence and assuming the State

presents evidence, the court could revoke probation and then issue a bench warrant for arrest. Furthermore, the court could also find the defendants in contempt of court for failure to appear when ordered. K.S.A. 20-1201 *et seq.*

Under the present language found in K.S.A. 21-3814, a person cannot be charged with aggravated failure to appear based on his or her absence at a probation revocation proceeding.

In light of our above discussion, we need not reach the other issue presented.

Reversed and remanded for proceedings consistent with this opinion.