(854 P.2d 315)
No. 68,221

STATE OF KANSAS, *Appellee,* v. MICHAEL WAYNE FINLEY, *Appellant.*

Opinion filed June 18, 1993.

*Jean K. Gilles Phillips,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, for the appellant.

*John K. Bork* and *Jalynn Copp,* assistant attorneys general, and *Robert T. Stephan,* attorney general, for the appellee.

Before BRISCOE, C.J., LEWIS and PIERRON, JJ.

BRISCOE, C.J.: Michael Wayne Finley appeals the length of his commitment to Larned State Security Hospital. After finding Finley was in need of psychiatric care and treatment, the court ordered him committed to Larned State Security Hospital for a period not to exceed three years. Finley argues the trial court only had authority under K.S.A. 22-3430 to commit him for a maximum period of one year because that is the "maximum term"

of imprisonment that can be imposed for the crime he committed—attempted terroristic threat. K.S.A. 21-3419; K.S.A. 1992 Supp. 21-3301. Attempted terroristic threat is a class A misdemeanor, and a class A misdemeanor carries a one-year maximum term of imprisonment. K.S.A. 1992 Supp. 21-3301(c)(5); K.S.A. 1992 Supp. 21-4502(1)(a).

Finley pled no contest to committing three counts of attempted terroristic threat and was found guilty. The Topeka State Hospital evaluation determined he was in need of psychiatric care and treatment and recommended that, instead of sentencing him to imprisonment, he should be committed to Larned State Security Hospital pursuant to 22-3430. The trial court ordered:

"I therefore commit such Defendant in accordance with such report to the Larned State Hospital for the reception, care, and treatment, and maintenance of Mr. Finley.

"I direct that he be detained at such institution until further order of the Court and until he's discharged under the provisions of K.S.A. 22-3431. The period of detention of this shall not exceed three years from this date, less the time served."

Although not specifically stated by the trial court, the parties recognize the court apparently committed Finley for a period not to exceed the equivalent of three consecutive maximum sentences.

K.S.A. 22-3430 provides:

"If the report of the examination authorized by the preceding section shows that the defendant is in need of psychiatric care and treatment and that such treatment may materially aid in his rehabilitation and that the defendant and society is not likely to be endangered by permitting the defendant to receive such psychiatric care and treatment, in lieu of confinement or imprisonment, the trial judge shall have power to commit such defendant to any state or county institution provided for the reception, care, treatment and maintenance of mentally ill persons. The court may direct that the defendant be detained in such institution until further order of the court or until the defendant is discharged under K.S.A. 22-3431. *No period of detention under this section shall exceed the maximum term provided by law for the crime of which the defendant has been convicted.* The trial judge shall, at the time of such commitment, make an order imposing liability upon the defendant, or such person or persons responsible for the support of the defendant, or upon the county or the state, as may be proper in such case, for the cost of admission, care and discharge of such defendant." (Emphasis added.)

Finley's arguments focus upon the emphasized sentence in 22-3430. When setting the maximum commitment period, Finley argues, the court violated the statute by ordering his commitment for a period potentially exceeding one year. He argues the commitment period is limited by the maximum term which can be imposed for the crime of attempted terroristic threat.

To support his interpretation of 22-3430, Finley argues that, because penal statutes are to be strictly construed in favor of the accused, the statute should be interpreted to preclude consecutive commitments.

"Penal statutes must be strictly construed in favor of persons sought to be subjected to their operations. The rule of strict construction simply means that ordinary words are to be given their ordinary meaning. Such a statute should not be read to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it. [Citations omitted.]" *State v. Cole*, 238 Kan. 370, 372, 710 P.2d 25 (1985).

Interpretation of a statute is a question of law and, therefore, this court is not bound by the trial court's interpretation. See *Todd v. Kelly*, 251 Kan. 512, 515, 837 P.2d 381 (1992); *State v. Miller*, 15 Kan. App. 2d 566, 567, 811 P.2d 1256 (1991).

"The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when the intent can be ascertained from the statute. In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. [Citations omitted.]" *Cole*, 238 Kan. at 371-72.

In the present case, Finley has been convicted of three separate counts of attempted terroristic threat. Finley's argument emphasizing the maximum penalty for the crime of attempted terroristic threat ignores the fact that he stands convicted of three separate counts. Although all three counts involve violation of the same statute, Finley should not obtain an individual and unique benefit as a result of this happenstance. Had Finley been convicted of three counts charging violations of three different criminal statutes, he could not make the argument he asserts here. Were we to adopt Finley's interpretation of the statute, the court would have to disregard two of his convictions in making its commitment

determination because Finley is in the unique circumstance of having thrice committed the same crime.

While we question whether 22-3430 is a penal statute, the rule of strict construction concerning penal statutes is subordinate to the rule that judicial interpretation must be reasonable and sensible to effectuate legislative design and the true intent of the legislature. *Miller,* 15 Kan. App. 2d at 568. A statute should never be given a construction that leads to uncertainty or confusion, or that would lead to an absurd result. *State v. Roudybush,* 235 Kan. 834, 846, 686 P.2d 100 (1984). The phrase in 22-3430 "the maximum term provided by law for the crime of which the defendant has been convicted" permits the trial court, when entering an order of commitment, to consider the maximum penalty applicable to each and every crime of which a defendant has been convicted, even if the defendant has violated the same criminal statute multiple times.

Finley also contends the effect of a three-year commitment was imposition of three consecutive one-year terms. Finley relies upon K.S.A. 1992 Supp. 21-4608(1) to argue the record was silent regarding whether the length of the commitment period was determined by running the maximum term for each conviction consecutively or concurrently. K.S.A. 1992 Supp. 21-4608(1) states: "Whenever the record is silent as to the manner in which two or more sentences imposed at the same time shall be served, they shall be served concurrently." Finley argues that, because the record is silent as to how the trial court arrived at the maximum three-year term, the term of commitment must be interpreted as running concurrently; therefore, the maximum term of commitment would be one year.

We disagree with Finley's initial premise that the record is silent regarding the length of term intended by the court. The court committed Finley for a period not to exceed three years for three crimes, each of which is punishable by a maximum of one year of imprisonment. Therefore, the implication is that the court committed Finley for a period up to three consecutive maximum sentences.

Further, 21-4608(1) does not apply to orders of commitment. Finley was committed, not sentenced. K.S.A. 22-3430 is a conditional grant of authority to a trial court to commit a criminal

defendant to a state mental institution in lieu of sentencing a defendant to prison. *State v. Adkins,* 236 Kan. 259, 261, 689 P.2d 880 (1984). K.S.A. 1992 Supp. 21-4608(1) specifically refers to sentencing. Absent some reference in 22-3430 requiring compliance with 21-4608(1), it would not ordinarily apply to commitment to a state hospital. At most, 22-3430 requires that the committing court examine the maximum penalty applicable if the defendant were to be sentenced. K.S.A 22-3430 does not require that the court follow procedures applicable to criminal sentencings when entering commitment orders.

Finley has provided no authority to support treating commitment and imprisonment so similarly as to require the same procedure whether a defendant is committed or sentenced. We note the provisions applicable to commitments are not contained in the same chapter and article as the provisions applicable to sentencing.

Affirmed.