[No. G012722. Fourth Dist., Div. Three. Oct. 27, 1993.]

THE PEOPLE, Plaintiff and Appellant, v.
DAVID DURAN JIMENEZ, Defendant and Respondent.

**[Opinion certified for partial publication.[1]]**

[1]Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part I.

**COUNSEL**

Michael R. Capizzi, District Attorney, Maurice L. Evans, Chief Assistant District Attorney, Wallace J. Wade, Kathleen M. Harper and Eric W. Snethen, Deputy District Attorneys, for Plaintiff and Appellant.

Michael Ian Garey and Martha Allerton for Defendant and Respondent.

**OPINION**

**WALLIN, J.**—David Duran Jimenez demurred to the information charging him with violation of Penal Code section 1320.5 on the ground that the statute does not apply to bail pending appeal. The demurrer was sustained and the case was dismissed; the People appeal. We reverse.

Jimenez was sentenced to 14 years in prison following his guilty plea to a charge of offering to sell cocaine. (Health & Saf. Code, § 11352.) He filed an appeal and was released on bail. His conviction was affirmed and remittitur issued on August 22, 1991. On August 23 the district attorney notified Jimenez by letter to his counsel that the return date was set for September 4. Jimenez failed to appear; a bench warrant was issued and bail was forfeited. The forfeiture was exonerated on January 17, 1992.

The People filed a complaint alleging that Jimenez violated Penal Code section 1320.5,[2] which reads in part: "Every person who is charged with the commission of a felony, who is released from custody on bail, and who in order to evade the process of the court willfully fails to appear as required, is guilty of a felony." An information was filed following the preliminary hearing.

Jimenez demurred to the information, claiming primarily that section 1320.5 does not apply to bail pending appeal. The trial judge agreed, pointing out that in the bail statutes (§ 1268 et seq.) the Legislature used "charged with" to refer to preconviction, not postconviction, situations. "It would appear to the court that the words 'charged with' applies [sic] to those situations where someone is facing trial for misdemeanor or felony charges. [¶] Once they are convicted, I don't believe they are charged with those offenses any more; they are convicted of those offenses." The trial judge dismissed the case and the district attorney appealed.[3]

I*

. . . . . . . . . . . . . . . . . . . . . . . . .

II

We agree with the district attorney that the trial court erred in construing the phrase "charged with a felony" as applying only to preconviction failures to appear while released on bail. As we explain, the legislative history of section 1320.5, the context of the bail statutes and the

___

[2]All further statutory references are to the Penal Code.

[3]The dissent is correct in every factual instance. But whether the district attorney can prove his case is an issue for the trier of fact *at trial*. The sole issue before us is whether the *demurrer* was properly sustained without leave to amend. We express no opinion on the sufficiency of the evidence in a case not yet tried.

We, of course, have the power to take judicial notice of the superior court file. On the other hand, we are limited as to the purpose for which we use it. For instance, we can take judicial notice of evidence presented below on an appeal from a sustained demurrer attacking a statute as unconstitutionally overbroad or vague. (See, e.g., *People* v. *Heitzman* (1993) 18 Cal.App.4th 1400, fn. 1 [23 Cal.Rptr.2d 199].) But we cannot use it to resolve a factual issue when the procedural vehicle which brings this case before us is limited to legal issues.

In ruling on a demurrer, it is *presumed* that all factual averments are true. "The defendant cannot strengthen his demurrer by *bringing in evidentiary material* which discloses a defect in the (pleading). . . ." (5 Witkin, Cal. Procedure (3d ed. 1985) Pleading, § 895, p. 335, italics in original.) The sole question raised by demurrer is whether the pleading is *facially*—not factually—deficient. "A demurrer is a pleading (P.C. 1002) which raises an *issue of law* as to the sufficiency of the accusatory pleading . . . ." (4 Witkin & Epstein, Cal. Criminal Law (2d ed. 1989) Proceedings Before Trial, § 2127, p. 2498, italics in original; 5 Witkin, Cal. Procedure, *supra*, Pleading, § 895, p. 334.)

*See footnote 1, *ante*, page 1175.

applicable case law lead us to conclude the phrase must be interpreted to apply to both pre- and post-conviction failures to appear.

Failure to appear was first made a separate crime in 1959 when the Legislature passed section 1319.4, which read: "Every person who is charged with the commission of a felony who is released on his own recognizance pursuant to this article who willfully fails to appear as he has agreed, is guilty of a felony . . . ." (Stats. 1959, ch. 1340, § 1, pp. 3612-3613.) In 1979, section 1319.4 was repealed and replaced by section 1320, which changed the failure to appear from a general intent to a specific intent crime. (*People* v. *Wesley* (1988) 198 Cal.App.3d 519, 523-524 [243 Cal.Rptr. 785].)

In *In re Smiley* (1967) 66 Cal.2d 606 [58 Cal.Rptr. 579, 427 P.2d 179], the Supreme Court acknowledged that the penalty under section 1319.4 applied to a postconviction failure to appear. Smiley was charged and convicted of a misdemeanor and sentenced to serve one year in jail. After serving a few months of his sentence, he petitioned for a writ of habeas corpus on the grounds he had not been advised of his right to counsel or of his right to a speedy trial. The writ was denied, but Smiley's subsequent application for a writ to the federal district court was granted. The federal court ordered him released on his own recognizance pending a hearing on the merits, then denied the application because Smiley had failed to exhaust his state remedies. The federal court provided, however, if Smiley renewed his writ before the California Supreme Court within 30 days, he would remain at liberty on his own recognizance.

The Supreme Court considered whether the remedy of habeas corpus was available to one who was at liberty on his own recognizance. Noting that habeas corpus was available to one released on bail, the court found release on recognizance was "simply an alternative to bail" and should be treated accordingly. "It cannot be argued that release on recognizance lacks meaningful sanctions: the statute requires the defendant to file an agreement in writing promising to appear at all times and places ordered and waiving extradition if he fails to do so and is apprehended outside California ([ ] § 1318.4), and makes wilful failure to appear punishable as an independent crime ([ ] §§ 1319.4, 1319.6). . . . He is therefore under sufficient constructive custody to permit him to invoke the writ." (*In re Smiley*, *supra*, 66 Cal.2d at p. 613.)

Senate Bill No. 395 (1983-1984 Reg. Sess.), the source of section 1320.5, was sponsored by the Los Angeles County District Attorney's Office to remedy the gap between a defendant's failure to appear when released on his own recognizance with the failure to appear when released on bail, which

was not then punishable as a separate offense. "This bill seeks to remedy this oversight in the law by making it a separate offense . . . to fail to appear when released on bail on a felony charge. Further, this bill is intended to deter felony bail jumping." (Assem. Com. on Crim. Law & Pub. Saf., Analysis of Sen. Bill No. 395 (1983-1984 Reg. Sess.).)

There is no indication the Legislature intended to differentiate the failure to appear on bail from the failure to appear on own recognizance; nor is there any indication the Legislature intended to punish or deter only those failures to appear that occur before conviction. ■ "The purpose of bail is to assure the defendant's attendance in court when his presence is required, whether before or after conviction." (*In re Underwood* (1973) 9 Cal.3d 345, 348 [107 Cal.Rptr. 401, 508 P.2d 721]. See also *In re Podesto* (1976) 15 Cal.3d 921, 930 [127 Cal.Rptr. 97, 544 P.2d 1297].)

■ Jimenez points out the statutes covering admission to bail distinguish between bail before conviction and bail on appeal (compare §§ 1270, 1270.5 & 1271 with §§ 1272 & 1272.1). He argues this distinction supports his claim because the Legislature would have specified bail on appeal in section 1320.5 had it so intended. We disagree.

Chapter 1 of title 10 of the Penal Code[4] relates to bail, and includes articles dealing specifically with the circumstances under which a defendant may be admitted to bail (art. 1), bail upon an indictment (arts. 2 & 3), bail on appeal (art. 4), deposits (art. 5), exoneration (art. 6), forfeiture (art. 7), recommitment of the defendant (art. 8), and release on own recognizance (art. 9). The 10th article, entitled "Violations," contains only sections 1320 and 1320.5, covering penalties for failure to appear while released on own recognizance and on bail, respectively. Contrary to Jimenez's assertion, it seems likely the Legislature intended these penalties to apply to the entire chapter rather than to a few selected sections. "The statutory language must be construed in context and the various parts of a statute 'must be harmonized by considering the particular clause or section in the context of the statutory framework as a whole.' (*People* v. *Black* [(1982) 32 Cal.3d 1,] 5 [184 Cal.Rptr. 454, 648 P.2d 104].)" (*People* v. *Wesley, supra*, 198 Cal.App.3d at p. 522.)

Jimenez claims the plain meaning of the word "charged" applies only to the time period before a determination of guilt; after being found guilty, a defendant can no longer be considered "charged." (See, e.g., *People* v. *Rhoads* (1990) 221 Cal.App.3d 56, 60 [270 Cal.Rptr. 266].) But section 1320.5 has been applied to situations where a defendant has fled after the

[4]Chapter 1 of title 10 includes section 1268 through section 1320.5.

ascertainment of guilt, i.e., "convicted," but before sentencing, leading us to the conclusion that a broader reading of "charged" is appropriate. In *People v. Cruz* (1988) 44 Cal.3d 1247 [246 Cal.Rptr. 1, 752 P.2d 439], the defendant entered a guilty plea under a plea bargain, then failed to appear for sentencing. The trial court disapproved the bargain and found the defendant had waived his right to withdraw the plea under section 1192.5 by his failure to appear. The Supreme Court reversed, finding the defendant's misconduct could not be punished as a breach of the plea bargain but could be punished as the separate offense of failure to appear under section 1320.5. (See also *People v. Vargas* (1990) 223 Cal.App.3d 1107, 1112 [273 Cal.Rptr. 48] [section 1320.5 applies to period between plea bargain and sentencing]; *People v. Mercant* (1989) 216 Cal.App.3d 1192, 1195, 1196 [265 Cal.Rptr. 315] [three-year delay between guilty plea and sentencing did not justify denial of new probation report; separate sanctions for failure to appear exist under section 1320.5].) The district attorney contends, and we agree, that flight before sentencing is indistinguishable from flight to avoid the imposition of sentence.

Although there are no California cases dealing with this issue, the Supreme Court of Nebraska reached the same conclusion when interpreting a nearly identical statute in *State v. McDaniel* (1979) 205 Neb. 53 [285 N.W.2d 841]. McDaniel pleaded guilty to receiving stolen property and was sentenced, but execution of the sentence was delayed and he was released on bond. He failed to surrender when required, and was charged under a Nebraska statute which provided: " 'Whoever is charged with a felony and is released from custody under bail . . . and willfully fails to appear before the court granting such release when legally required . . . shall be guilty of a felony . . . .' " (*Id.* at p. 842, italics omitted.)

McDaniel argued, as does Jimenez, that the phrase " 'charged with a felony' " refers to the period of time a defendant is accused but not yet convicted and does not include the time after conviction and sentencing. (285 N.W.2d at p. 842.) The Nebraska court, however, found it did apply to the postsentencing period, pointing out a sensible construction should be placed on statutes " 'to effectuate the object of the legislation rather than a literal meaning that would have the effect of defeating the legislative intent.' " (*Ibid.*)

*State v. Miller* (1991) 15 Kan.App.2d 566 [811 P.2d 1256], cited by Jimenez, is readily distinguishable. The court in *Miller* interpreted a Kansas statute proscribing "willfully incurring a forfeiture of an appearance bond and failing to surrender oneself within thirty (30) days following the date of such forfeiture by one who is charged with a felony and has been released on

bond . . . or willfully incurring a forfeiture of an appearance bond and failing to surrender oneself within thirty (30) days after his conviction of a felony has become final by one who has been released on an appearance bond by any court of this state." (*Id.* at p. 1257.) Miller was charged under this statute with failure to appear at a probation revocation hearing more than one year following her conviction for theft. The prosecution argued " 'charged with a felony' " meant "persons already convicted, *including* those who are serving a portion of their sentences on probation." (*Ibid.*) The Kansas Court of Appeals held the phrase did not apply to the failure to appear at a probation revocation hearing. The court distinguished its case from *State* v. *McDaniel, supra*, 205 Neb. 53 [285 N.W.2d 841], pointing out that the Kansas statute under scrutiny specifically covered " 'charged with a felony' " and " 'conviction of a felony.' " "The theft charge against Miller reached final judgment when she was sentenced, and placement of Miller on probation did not affect that finality. That conviction cannot therefore serve as the underlying felony for a charge of aggravated failure to appear. Because a probation revocation hearing is a quasi-civil procedure, failure to appear at such a hearing is not a criminal offense and therefore does not meet the statutory requirement of an underlying felony charge for which the defendant failed to appear." (*State* v. *Miller, supra*, 811 P.2d at p. 1259.)

Jimenez correctly points out when a penal statute is susceptible of two constructions, policy in California dictates the statute be construed as favorably to defendant as is reasonable. (*People* v. *Overstreet* (1986) 42 Cal.3d 891, 896 [231 Cal.Rptr. 213, 726 P.2d 1288].) But we are also directed to construe the provisions of the Penal Code "according to the fair import of their terms, with a view to effect its objects and to promote justice." (§ 4.) If we were to adopt the construction urged by Jimenez, it would result in a harsher punishment for a defendant who flees before conviction, while cloaked with the presumption of innocence, than for a defendant who flees after conviction, when the accusations against him have been found true. Furthermore, such a construction would, as a practical matter, make trial judges less likely to exercise their discretion in favor of an appealing defendant when deciding whether to permit bail on appeal. The more sensible construction is that the failure to appear while released on bail when charged with a felony is punishable as a separate offense whether occurring pre- or post-conviction.

The judgment is reversed.

Sills, P. J., concurred.

MOORE, J.—I dissent because I believe the judgment should be affirmed for a reason not discussed in the majority opinion; as a matter of law,

defendant could not be convicted because his presence in court was not required. Defendant is charged with violating Penal Code section 1320.5 based on a letter the district attorney sent to defendant's attorney advising both of them to appear on September 4, 1991, even though there was no court order or agreement to appear on that date, nor was defendant required to appear on that date by virtue of being present in court when that date was set.

Preliminarily, a determination must be made whether a court can take judicial notice of its own records and files for the purpose of ruling on a demurrer to a criminal complaint.

While it has been said a court hearing a demurrer in a criminal action cannot consider material subject to judicial notice (see *Shortridge* v. *Municipal Court* (1984) 151 Cal.App.3d 611, 616 [198 Cal.Rptr. 749])[1] , even that court held there were exceptions, including a case where the parties concede the fact judicially noticed. A similar situation is presented here. The district attorney raised the issue of the letter's sufficiency to establish the requisite notice in his brief, conceding the only notice of the September 4 hearing given to defendant was the letter his office sent to defendant's counsel.

Furthermore, it was the district attorney who requested that the trial court in ruling on the demurrer take judicial notice of superior court file No. C-73220. The defendant did not object except in regard to the sufficiency and adequacy of the letter. The trial court did in fact take judicial notice of file No. C-73220. Where a trial court takes judicial notice of one of its files at the request of the parties or without objection, certainly an appellate court can do the same, especially when the letter relied upon by the district attorney was contained only in file No. C-73220.

It is certainly in the interest of justice that, where a matter can be resolved by taking judicial notice of the court's own files, a court should be permitted

---

[1] I disagree with *Shortridge* to the extent that case holds a court cannot take judicial notice of matters in its own records for the purpose of ruling upon a demurrer in a criminal case. The opinion in *Shortridge* justifies its ruling on the dissimilarities between Code of Civil Procedure section 430.30, subdivision (a) and Penal Code section 1004. Since the former statute expressly states a court may take judicial notice when ruling on a demurrer and the latter statute does not, *Shortridge* reasons the Legislature intended that a court not take judicial notice in criminal cases.

Code of Civil Procedure section 430.30, subdivision (a) is the result of periodic amendments. But the provision for judicial notice was added in 1967. Prior to that date, the comparable section made no reference to judicial notice. Notwithstanding, the courts held judicial notice could be utilized by the courts in hearing demurrers. (*Ferraris* v. *Levy* (1963) 223 Cal.App.2d 408, 411-412 [36 Cal.Rptr. 30]; *Legg* v. *Mutual Benefit Health & Accident Assn.* (1960) 184 Cal.App.2d 482, 487-488 [7 Cal.Rptr. 595]; *Taliaferro* v. *County of Contra Costa* (1960) 182 Cal.App.2d 587, 592 [6 Cal.Rptr. 231].) Thus, the amendment providing for judicial notice was declaratory of existing law, not a formulation of new law.  ·

to do so. (See *People* v. *Heitzman* (1993) 18 Cal.App.4th 1400, fn. 1 [23 Cal.Rptr.2d 199].) Any other result, especially under the facts of this case, would be absurd.

Penal Code section 1320.5 provides, "Every person who is charged with the commission of a felony, who is released from custody on bail,'and who in order to evade the process of the court willfully fails *to appear as required*, is guilty of a felony. . . ." (Pen. Code, § 1320.5, italics added.) The plain language of the statute compels an interpretation that the phrase "to appear *as required*" to refer to the process of court, an order. (See *People* v. *Wesley* (1988) 198 Cal.App.3d 519, 522 [243 Cal.Rptr. 785].) There was no such order or process here requiring defendant to appear on that date. Surely, a crime cannot be predicated on the district attorney's mailing of a letter to a defendant's attorney.

Nevertheless, the district attorney relies on a letter his office sent to defendant's attorney notifying counsel of the September 4 hearing, and declaring both counsel and defendant should appear. The district attorney's letter did not invoke nor was it based on any process of court. Defendant's bail agreement did not contain a return court date. Nor did defendant agree to allow notice to his attorney to serve as his notification when the return court date was set. The lower court failed to order defendant back on a specified date when it received his notice of appeal and admitted him to bail.

The district attorney points to the fact that a bench warrant was issued by the trial judge because of defendant's failure to appear. But, a bench warrant may not be issued in the absence of a court order giving the specific time and place or an agreement by defendant to return at a specific time and place. (Pen. Code, § 978.5.)

The district attorney argues Penal Code section 977, subdivision (b)[2] compelled defendant's presence on September 4. However, that section does not negate the due process requirement that a defendant be notified his presence in court is required. Nor does that section appear to be a mandate to defendant, but is, rather, a direction to the court regarding the necessity of

---

[2]That section as it read prior to January 1, 1993, states in pertinent part: "In all cases in which a felony is charged, the accused must be present at the arraignment, at the time of plea, during the preliminary hearing, during those portions of the trial when evidence is taken before the trier of fact, and at the time of the imposition of sentence. The accused shall be personally present at all other proceedings unless he shall, with leave of court, execute in open court, a written waiver of his right to be personally present, approved by his counsel, which waiver must then be filed with the court; provided, however, that the court may specifically direct that defendant be personally present at any particular proceeding or portion thereof. . . ."

the presence of defendant in the instances described. Likewise, I am not persuaded by the district attorney's reliance on cases involving bail bond forfeitures. These cases are easily distinguishable from the case at bar. In each of the bail bond forfeiture cases, the defendant was present when the trial court set the subsequent appearance date.

Therefore, I respectfully submit that the majority discussion and interpretation of the statutory law in this case are unwarranted, untimely, and unnecessary. I would affirm the judgment for the reasons stated herein.