(32 P.3d 1217)

No. 86,094

STATE OF KANSAS, *Appellee*, v. SANDRA R. FLOYD, *Appellant*.

Opinion filed September 28, 2001.

*Rick Kittel*, assistant appellate defender, and *Jessica R. Kunen*, chief appellate defender, for appellant.

*Ian H. Taylor*, assistant district attorney, *Nola Foulston*, district attorney, and *Carla J. Stovall*, attorney general, for appellee.

Before ELLIOTT, P.J., BEIER, J., and PADDOCK, S.J.

PADDOCK, J.: Sandra R. Floyd appeals her conviction of aggravated failure to appear.

We affirm.

Floyd was charged with drug and tax stamp violations. Her trial on these charges was set for November 15, 1999. She was released from custody on an appearance bond and ordered to report to pretrial services as directed. The conditions of Floyd's bond stated failure to comply was a violation of the bond and could result in a bench warrant for her arrest.

Floyd met her reporting obligations until September 22, 1999, when she failed to report to pretrial services as ordered and did not report at any time thereafter. Bond forfeiture proceedings were initiated, and her bond was forfeited and a warrant was issued for her arrest on October 5, 1999.

Floyd was arrested in Arizona on November 16, 1999, and returned to Kansas on December 2, 1999. She was charged with

aggravated failure to appear and was brought to trial on that charge on July 27, 2000.

At trial, it was shown that Floyd's bond had been forfeited on October 5, 1999, and, therefore, the date upon which the crime of aggravated failure to appear occurred was 30 days later or November 4, 1999. At a bench trial, Floyd was found guilty as charged. Floyd timely appealed.

On appeal, Floyd claims the district court should have sustained her motion to dismiss the charges against her. She argues that reporting to pretrial services while released on an appearance bond is equivalent to probation. Thus, Floyd contends missing an appointment with pretrial services cannot constitute aggravated failure to appear. In support of her contention, she cites *State v. Miller*, 15 Kan. App. 2d 566, 811 P.2d 1256 (1991). In order to resolve the issue, we must interpret K.S.A. 21-3814, which defines the crime of aggravated failure to appear. In determining issues involving statutory interpretation, this court's review is unlimited. *State v. Patterson*, 25 Kan. App. 2d 245, 247, 963 P.2d 436, *rev. denied* 265 Kan. 888 (1998).

K.S.A. 21-3814(a) states:

"Aggravated failure to appear is willfully incurring a forfeiture of an appearance bond and failing to surrender oneself within 30 days following the date of such forfeiture by one who is charged with a felony and has been released on bond for appearance before any court of this state, or willfully incurring a forfeiture of an appearance bond and failing to surrender oneself within 30 days after oneself's conviction of a felony has become final by one who has been released on an appearance bond by any court of this state."

Floyd incorrectly interprets *Miller*. The *Miller* court concluded K.S.A. 21-3814 did not apply to defendant's failure to appear for a probation revocation hearing. 15 Kan. App. 2d at 571. The court reasoned that the original charge against defendant reached final judgment when she was sentenced and placement of defendant on probation did not affect that finality. Thus, that conviction could not serve as the underlying felony for a charge of aggravated failure to appear. 15 Kan. App. 2d at 571. The court also noted that because a probation revocation hearing is a quasi-civil procedure, failure to appear at such a hearing is not a criminal offense and,

therefore, does not meet the statutory requirement of an underlying felony charge for which defendant failed to appear. 15 Kan. App. 2d at 571.

Here, Floyd failed to attend a meeting with pretrial services, which was a condition of her bond. This failure to attend caused a forfeiture of her bond and a warrant to be issued for her arrest. Unlike *Miller*, Floyd's crime was predicated on a preconviction violation of her bond. The underlying felony charge was possession of methamphetamine. The facts and reasoning in *Miller* are not applicable to the instant factual situation. Failure to meet with pretrial services is not the functional equivalent of failure to appear for a probation revocation proceeding and will support a charge of aggravated failure to appear pursuant to K.S.A. 21-3814.

Next, Floyd argues the 30-day grace period necessary for conviction of aggravated failure to appear can only be triggered by a missed court appearance. She contends the earliest she could have committed that crime was December 15, 1999, 30 days after her scheduled court appearance on November 15, 1999, for trial on the drug charges. She cites no authority for her contention.

K.S.A. 21-3814 states that one who is charged with a felony and "willfully incurs a forfeiture of an appearance bond and fail[s] to surrender onself within 30 days following the date of such forfeiture" is guilty of aggravated failure to appear.

Floyd's underlying charge was possession of methamphetamine, a felony. She does not claim her forfeiture was not willful nor does she claim the bond forfeiture was not proper. Her sole argument is that the 30-day grace period does not start until a missed court appearance.

K.S.A. 21-3814 is clear and unambiguous in that the crime of aggravated failure to appear accrues 30 days after the date of the bond forfeiture. Here, Floyd failed to report to pretrial services on September 22, 1999, as required. The bond was forfeited, and a warrant for her arrest was issued on October 5, 1999. Floyd did not return to Kansas until December 2, 1999, more than 30 days after the date of the bond forfeiture. Floyd's argument lacks merit.

Affirmed.